STATE OF WEST VIRGINIA *v.* STANLEY PETLOCK

(No. 7477)

Submitted May 10, 1933.   Decided May 16, 1933.

*J. W. Rickey,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General for the State.

WOODS, JUDGE:

Stanley Petlock was convicted of the unlawful and felonious possession of moonshine liquor, as a second offense under the provisions of Code 1931, 60-1-4.

In respect to the former offense, upon which the felony is predicated, the indictment charges in substance that on May 20, 1925, the defendant was duly arraigned before Paul Riedel, justice of the peace, for unlawfully having in his possession a certain quantity of moonshine liquor, that he thereupon entered his plea to the complaint and was then and there convicted of said offense, and sentenced to imprisonment and to pay a fine; and, further, that he was duly discharged and remitted of such conviction and judgment.

The trial court's action in permitting the state, over defendant's objection, to introduce the justice's docket as proof of the former conviction, is stressed as one of the chief points of error. It appears from the docket that the defendant was arraigned on the 20th day of May, 1925, as charged in the indictment, and that he was not in fact convicted and sentenced until the 22nd day of June, 1925. Was the docket's admission proper in view of the variance between it and the averment in the indictment regarding the date of conviction?

In the case of *State* v. *Steve Bierce*, decided contemporaneously herewith (See p. 649, this volume) we held in points 2 and 3 of the syllabus, that the purpose of including the sentence in the averments of a former conviction in an indictment of this character is to show that the proceedings for the first offense have attained a state of finality so far as the trial court has power to control them. And that, an averment of a punishment within the statutory limitations for such former offense, although different from that shown by the record, does not amount to such a variance as will preclude the introduction of such record in the proof of a former conviction.

According to 22 Am. & Eng. Pl. & Prac. 551, ''Variances are regarded in criminal cases only where they mislead the defendant in making his defense and may expose him to the danger of again being put in jeopardy for the same offense.'' It was held in Virginia that a variance between the allegations and the proof as to the time when an offense is committed is not fatal where time is not the essence thereof. *Livingston* v. *Comm.*, 14 Gratt. 592.

Before a person may be convicted of a felony, under Code 1931, 60-1-4, he must have been adjudged guilty theretofore

of an offense under the same chapter. That he was arraigned, convicted and served the sentence thereof are the substantial elements of proof needed by the state to establish a basis for the felony. The date, ordinarily, is not material except in so far as it tends to advise the defendant of the particular offense. And not being material, we must hold that the docket was properly admitted in evidence.

The admission of the search and seizure warrant is attacked on the ground that the description of the place searched was insufficient. It described the property as that certain two-story frame building, owner unknown, and all out-buildings on the premises, said building and premises being situate at No. 2156 Marshall Street in the city of Benwood. A large portion of the testimony relates to whether the house was numbered 2156. The defendant offered in evidence letters received by him addressed to himself at house No. 2154. He also showed that it was listed in the telephone directory as 2154. However, the state showed that the house searched conformed to the description given in the search warrant, that it was on the side of the street in which the houses were given even numbers, and that the house adjoining on the south was numbered 2158. This last fact was admitted by the defendant and some of his witnesses. Vacant lots were on the north side of defendant's house. There was no other two-story frame building in the immediate vicinity. In view of the substantial conflict in the testimony, the sufficiency of the description became a question for the trial court. Under the circumstances we cannot say that the court erred in admitting the search warrant.

It is contended that the prosecutor went beyond the bounds of proper cross-examination of the defendant. His testimony on direct examination related to a description of the premises searched. On cross-examination, he was asked if he was not the party formerly convicted. His answer was in the affirmative. This fact had already been testified to by another witness for the state. Our statute provides that if the accused "voluntarily becomes a witness he shall, as to all matters relevant to the issue, be deemed to have waived his privilege of not giving evidence against himself and shall be subject to cross-examination as any other witness." Code 1931,

57-3-6. This insertion, according to the revisors' note, was intended to remove any doubt as to what the law in our state is in this respect. The defendant cannot complain of such cross-examination.

One of the statements of the prosecuting attorney, in his closing argument is stressed as error. After advising the jury that the defendant, in going on the stand, placed himself in the category of all other witnesses, as to weight to be accorded his testimony, stated, in effect, that they had a right to consider that he would testify to everything that would be beneficial to him. "Where accused goes on the stand as a witness, it is generally held that he occupies the same position as any other witness, and that the prosecuting attorney then has a right to comment upon his testimony or upon his failure or refusal to answer proper and material questions within his knowledge, or to deny or explain incriminating facts and statements attributed to him by other witnesses or to explain prominent and damaging facts peculiarly within his knowledge." 16 C. J. 902, sec. 2248. The comment was clearly proper under the record.

In view of the record made, there were only two possible verdicts, namely, guilty or not guilty. Defendant's motion for an additional form of verdict of not guilty of a felony, but guilty of possession of moonshine liquor, was properly overruled.

The instructions are not with the record, so we cannot consider that phase of the case.

From a careful consideration of the record, we are unable to see any reversible error therein. The judgment is accordingly affirmed.

*Affirmed.*