STATE OF IOWA, appellee, v. LELAND GEORGE SHEPARD, appellant.

No. 48736.

(Reported in 73 N.W.2d 69)

260

NOVEMBER 15, 1955.

James W. Newell, of Boone, for appellant.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and D. M. Statton, County Attorney, for appellee.

THOMPSON, J.—The defendant was charged with the offense of operating a motor vehicle upon a public highway in Boone County while intoxicated on June 19, 1954. Allegations and specifications of three previous offenses were contained in the information, and the defendant was charged as a fourth offender. The errors assigned and argued upon this appeal all relate to the proof of the previous convictions. While the defendant requested several instructions which the trial court refused to give, there is no argument concerning any error therein except as they presented the same points raised by the defendant in other ways and assigned as error in connection with rulings upon evidence. In other words, if the court properly ruled upon the admission of evidence, its other rulings upon defendant's motions to withdraw issues and for a peremptory verdict and upon the requested instructions were likewise correct.

I. The first assigned error is that the court improperly admitted over defendant's objections a transcript from the District Court of Madison County showing that on October 2, 1951, one Leland G. Shepard pleaded guilty to the crime of operating a motor vehicle while intoxicated, a third offense, and was committed to the State Penitentiary at Fort Madison for a term not to exceed three years, and adjudged to pay costs. The defendant here was identified by the sheriff of Madison County as the same person who was so convicted. The objection raised is to the clerk's certificate, which certifies that "the attached is a full, true and correct copy of 'Judgment Entry' in Cause

Entitled State of Iowa -vs- Leland G. Shepard, as the same appears of record in my office." The point made by the defendant is that the judgment was not final and official until it was spread upon the judgment record in the clerk's office, and since the certificate did not specify that the attached record of conviction was a copy of such judgment record, or specify the volume and page thereof, it was not competent evidence to show the conviction. It is the apparent thought of defendant's counsel that from the certificate we have no way of knowing whether the clerk was certifying to the original entry made by the court at the time of sentence or to the judgment record. There is no doubt that it is the original judgment record in the office of the clerk, or a certified transcript thereof, which is the only competent evidence. We have said there is no judgment until it is spread upon the judgment record. State v. Barlow, 242 Iowa 714, 718, 719, 720, 46 N.W.2d 725, 727, 728, and cases cited. It must be admitted that the certificate of the clerk here could. have been more definite in specifying where the judgment appeared of record. But we think that when the certificate shows that the judgment entry appears of record in her office, it is to be assumed it means in the official judgment record. It was the duty of the clerk to so record the court's entries directing a judgment, and we presume as a public official she refers to the performance of such duty when she says the judgment entry now "appears of record" in her office. It should be noted that section 622.52, Code of Iowa, 1954, which makes the record or a transcript thereof admissible, does not require a statement of the volume and page in which it is found. It is not a case where there is an entire absence of proof of the judgment record, but rather of the interpretation to be given to the language of the clerk's certificate. We think it sufficiently definite to be admissible. Also the sheriff of Madison County testified without objection that the defendant in the case at bar was the same man who was convicted in that county in October 1951 of "third offense operating a motor vehicle while intoxicated." The original entries in the judgment record book of the court are not the only admissible evidence of a prior conviction. State v. Gardner, 245 Iowa 249, 258, 61 N.W.2d 458, 463. See also 24 C. J. S., Criminal Law, section

1967, page 1162, and Gould v. State, 66 Tex. Cr. 122, 146 S.W. 172.

■ ■ II. The information alleged the first and second convictions as having been entered in the District Court of Boone County, on the respective dates of December 15, 1941, and September 20, 1948. But when the judgment records were introduced, it appeared that the actual dates when the entries were spread upon the record in. the original judgment entry books were December 23, 1941, and September 21, 1948. Objection being made to the offered evidence to prove the first two convictions, the State, needlessly alarmed, made application for leave to amend the true information to show the actual dates when the judgments were spread upon the record. This application was granted over defendant's objection; but no amendment was filed. This leaves some doubt whether the defendant was actually tried under the original information or the proposed amended one; the only difference being in the dates. It is immaterial. Under the original information there was no fatal variance between the alleged dates and the actual ones. There was a difference of eight days as to the first offense and one day as to the second. A variance is a fatal defect only if the defendant is taken by surprise or in some other way prejudiced or misled in maintaining his defense. 42 C. J. S., Indictments and Informations, section 254, page 1274. This court said in State v. Potter, 195 Iowa 163, 166, 191 N.W. 855, 857: "It is only when the variance between the allegations of an indictment and the proof offered is regarded as material that the variance is fatal." See also State v. Petlock, 113 W. Va. 645, 169 S.E. 480, 481. If the case was tried under the original indictment there was not a real variance; if it was tried under the amendment with the new dates inserted there was no prejudice to the defendant, since the amendment was not necessary and introduced no new issue. Certainly the defendant was not misled by the trivial differences in the dates. No one knew so well as he whether he was convicted at or near the times alleged in the original information.

■ We think also that, although we hold there was no error in the admission of the records of the first and second prior convictions, if error there had been it would have been without

prejudice. We have said in Division I the evidence of a third conviction was properly admitted. This being true, proof of the first and second convictions could have been dispensed with. There could have been no conviction of a third offense unless there were first and second convictions. The defendant who has been convicted of a second or third or fourth offense cannot complain if the State takes the record as it stands and starts with the highest numerical prior conviction which stands against his record and goes on from there.

 III. The defendant took the stand as a witness in his own behalf. His testimony on direct examination concerned only the happenings on the night of June 19, 1954, the date of the principal charge against him. It in no manner dealt with the previous convictions. On cross-examination the State asked this question: "* * * Mr. Shepard, do you maintain before the jury that you are not the same Leland Shepard that was convicted in the District Court of Boone County, Iowa, of operating a motor vehicle while intoxicated, first offense?" Over an objection containing numerous grounds, none of which, however, was that of improper cross-examination, the defendant was required to answer. He said, "I am that man." He then testified in response to questions from the prosecution that he was the same Leland Shepard who had been convicted of operating a motor vehicle while intoxicated, second offense, in the District Court of Boone County in September 1948, and that he was the same man who had been convicted of operating a motor vehicle while intoxicated, third offense, in Madison County in October 1951. No objection was made to the questions concerning the second and third offenses. Accordingly the evidence of defendant's three former convictions came into the record by his own admissions without the vital objection as to improper cross-examination as to the first conviction, and with no objection at all as to the second and third. He is not in a position to urge error at this point.

 But we need not rest our determination solely upon the question of whether proper objection was made. We think the evidence was admissible in any event and over any objection. In the 1955 Cumulative Supplement to 25 Am. Jur., Habitual Criminals, page 54, as an addition to section 29 on page 276 of the bound volume, note 20, is this statement: "The limited

amount of authority upon the question is to the general effect that in a criminal case, where a prior conviction is averred and is a proper part of the state's case for proof upon the trial of the principal offense, it violates no legal rights of a defendant who voluntarily testifies in his own behalf to cross-examine him as to prior convictions and to admit his answer in evidence for the purpose of establishing that element of the state's case."

Supporting the text is the case of Smith v. Commonwealth, 182 Va. 585, 30 S.E.2d 26, 153 A. L. R. 1150. To the same effect are Commonwealth v. Fortier, 258 Mass. 98, 155 N.E. 8, and State v. Petlock, supra, 113 W. Va. 645, 169 S.E. 480, 481.

The pertinent Iowa statute at this point is section 781.13, Code of Iowa, 1954, which we set out: "When the defendant testifies in his own behalf, he shall be subject to cross-examination as an ordinary witness, but the state shall be strictly confined therein to the matters testified to in the examination in chief."

▮ It will be observed that in terms this section limits the cross-examination of a defendant somewhat narrowly, and it is sometimes contended the cross-examination must be confined to subjects already dealt with on direct examination. We think, however, this argument, properly analyzed, does not have the restrictive and limiting effect which its proponents claim for it. The broad subject of the direct examination, if material at all, is the guilt or innocence of the defendant.

Wigmore on Evidence, Third Ed., Volume VIII, section 2276(d), page 448, upholds the right of cross-examination on any relevant subject even under statutes such as ours, in this language: "A fourth rule, usually under statute, is that the accused may be cross-examined only as to the subjects already dealt with in his direct examination. This form was doubtless intended merely to apply to the accused the usual rule of a majority of the States as to the order of topics on cross-examination * * *; but its literal effect is to limit the doctrine of waiver to the subject of the direct examination. This, though an unnecessary result on principle, ought not to make any practical difference; *for the subject of the direct examination, properly construed, is the whole fact of guilt or innocence, and hence the topic of cross-examination might always range over any relevant*

*facts except those merely affecting credibility; * * *."* (Italics supplied.)

The exact question has never before been decided in Iowa, but we are satisfied the cross-examination of the defendant was proper. The distinction between the cross-examination in this case and that which we found objectionable in State v. Leuty, 247 Iowa 251, 73 N.W.2d 64, lies in the word "relevant." The cross-examination in the Leuty case went far into irrelevant and improper matters.

IV. The defendant further urges, without citation of authorities, that even with defendant's admissions in open court through the cross-examination as to prior convictions the question of such convictions should have been submitted to the jury. The trial court refused so to do, but told the jury the defendant had admitted the prior convictions, and that if they found he was driving while intoxicated upon the occasion directly in question, June 19, 1954, he would be guilty as a fourth offender. Only two forms of verdict were submitted: guilty as a fourth offender, and not guilty.

Passing the question whether the defendant has properly raised the point, we conclude the trial court was not in error in refusing to submit the question of prior convictions to the jury. The defendant admitted on the witness stand, under what we have held to be proper cross-examination, all three of the previous convictions. The question arising here is whether such an admission, by a party to the case, is conclusive and does away with the need for further proof.

The general rule is thus expressed in 20 Am. Jur., Evidence, section 557: "The view is that admissions made in the course of judicial proceedings are substitutes for, and dispense with, the actual proof of facts."

In 31 C. J. S., Evidence, section 381, page 1175, it is said:

"An admission in testimony dispenses with the necessity of proving the fact admitted.

"Some authorities hold that admissions in testimony are not to be taken as conclusively true, but only presumptively so, to be taken as absolutely true and conclusive if unexplained and uncontradicted."

It will be noted in the case at bar there was no explanation or contradiction of the defendant's admissions as to the prior convictions.

We have held that where there is a stipulation or formal admission of prior convictions, they are to be taken as proven and their existence need not be submitted to the jury. State v. Ganaway, 243 Iowa 1316, 1318, 55 N.W.2d 325, 326; State v. Stark, 236 Iowa 893, 20 N.W.2d 11. The question here is somewhat narrower, however. It resolves itself into the query whether an admission by a party to an action, elicited on cross-examination, is such a judicial admission that it establishes the facts admitted so that no jury determination is required.

We have held in the affirmative in Stearns v. Chicago, R. I. & P. Ry. Co., 166 Iowa 566, 579, 148 N.W. 128, 133. We said: "He [a party to the action] is bound by statements of his counsel; by admissions in pleadings not withdrawn or superseded; and it seems to us he should also be bound by his own testimony which he nowhere attempts to change."

We think this announces the correct rule. As applied to the case at bar there was no attempt to show the defendant's testimony was in error. He had full knowledge of the prior convictions; and he was bound to know, when he took the witness stand, that he might be cross-examined as to them. It is the general purpose of cross-examination to weaken the testimony of the witness or the case of the party by whom he is called. It would be an unwarranted refinement of technicality to hold that in spite of the defendant's own unequivocal and unchanged admission of the prior convictions the jury must nevertheless be required to pass upon the question. We decline to so hold.

Other assigned errors raise no questions not decided by the foregoing discussion.—Affirmed.

All JUSTICES concur except PETERSON, J., who takes no part.