STATE OF IOWA, appellee, v. OMER E. POST, appellant.

No. 49777.

(Reported in 99 N.W.2d .314)

NOVEMBER 17, 1959.

REHEARING DENIED JANUARY 15, 1960.

Wilson, Maley & Stamatelos, of West Des Moines, for appellant.

Norman A. Erbe, Attorney General, Marion R. Neely, Assistant Attorney General, and Ray Hanrahan, County Attorney, for appellee.

GARFIELD, J.—Defendant appeals from judgment of conviction of operating a motor vehicle while intoxicated, third offense, in violation of section 321.281, Code, 1958.

The indictment charges that on or about November 20, 1953, defendant was convicted in the district court of Webster County at Fort Dodge, Iowa, of the crime of operating a motor vehicle while intoxicated, second offense. Defendant challenges the competency and sufficiency of proof that he committed this prior offense. No complaint is made concerning his conviction of the particular crime committed March 23, 1958, in Polk County, which the jury found was his third offense.

In considering defendant's challenge to the sufficiency of the evidence of the prior conviction of the second offense it is our duty to view such evidence in the light most favorable to the State. The verdict is binding upon us unless we are satisfied it is without substantial support in the evidence or is clearly against the weight thereof. State v. Harless, 249 Iowa 530, 531, 532, 86 N.W.2d 210, 211, and citations; State v. Olson, 249 Iowa 536, 556, 86 N.W.2d 214, 226; State v. Hammer, 246 Iowa 392, 395, 66 N.W.2d 490, 491, 492, and citations.

We may observe in passing that if there were failure of proof of the former offense alleged in the indictment this would not require reversal of the entire case but only a remand for proper sentence without considering such former offense. State v. Barlow, 242 Iowa 714, 720–725, 46 N.W.2d 725, 729–731, and citations; State v. Bolds, 244 Iowa 278, 284, 55 N.W.2d 534, 537; State v. Biggins, 245 Iowa 903, 905, 906, 63 N.W.2d 292, 293.

The evidence as to the previous conviction of one Omer E. Post of second offense "OMVI" and the identity of this defendant as the one so convicted is this: Mr. Junius B. Brown, clerk of the district court of Webster County at Fort Dodge testified

he had searched his records for the period from 1952 through 1954 and found one judgment entry to the effect Omer E. Post had been convicted of second offense "OMVI." He produced Exhibit B, a copy certified by him of a judgment entry from Book 59, pages 137 and 138, of the permanent records of the Webster County District Court. The exhibit recites that Omer E. Post had been charged by county attorney's information with the crime of operating a motor vehicle while intoxicated, second offense, pleaded guilty to the crime as charged, the court found him guilty as charged in the information and imposed a fine of $500. The judgment is dated November 20, 1953. Exhibit B was received in evidence.

Dale Field testified he lived in Fort Dodge; on September 5, 1953, he was on patrol duty in Webster County when he saw Omer E. Post, the defendant, present in the courtroom, arrested him for drunken driving of a black 1949 Dodge car about six miles south of Fort Dodge on Highway No. 169, filed a charge of second offense drunken driving on Mr. Post at that time. The witness said he was absolutely sure the Omer E. Post he arrested and charged with the offense was the same person as the defendant then on trial. Field also testified without objection, "I was not present in the courtroom at the time of the disposition of the charge I had filed on Omer E. Post."

Defendant did not testify and no attempt was made to show the Omer E. Post convicted of second offense "OMVI" in Webster County on November 20, 1953, or the Omer E. Post arrested and charged with such an offense on September 5, 1953, was not the same person as defendant.

I. It was not error to admit the testimony of Mr. Brown nor Exhibit B, identified by him as a duly certified copy of the permanent court record of the judgment of prior conviction. Section 622.52, Code, 1958, provides: "A judicial record of this state * * * may be proved by the production of the original, or a copy thereof certified by the clerk or person having the legal custody thereof, authenticated by his seal of office, if he have one."

State v. Barlow, 242 Iowa 714, 719, 46 N.W.2d 725, 728, states: "A review of the opinions of this court leaves no doubt at all that if the State seeks to prove a former conviction by the

court record then the proper proof and the best evidence is the original court record of the judgment or a copy thereof certified to by the clerk." (Citations) Later decisions to like effect include State v. Gardner, 245 Iowa 249, 258, 61 N.W.2d 458, 463; State v. Shepard, 247 Iowa 258, 262, 73 N.W.2d 69, 71. See also 24 C. J. S., Criminal Law, section 1967.

■ It seems to be thought Exhibit B was not admissible because it was not taken from a book called the docket in the office of the clerk of the Webster County court. Such a book contains only "an abstract of the judgments" and other information. Judgments are recorded in the record book, the pertinent part of which Exhibit B was a duly certified copy. Section 606.7, Code, 1958. Entries in the docket or copies thereof are not the best evidence of judgments. State v. Barlow, supra, 242 Iowa 714, 718–722, 46 N.W.2d 725, 728–729, and citations.

■ Exhibit B was not rendered inadmissible by the fact it was also a copy of the original typewritten judgment entry on a separate sheet of paper signed by the judge, as well as a copy of the permanent record of the judgment.

II. Defendant argues there is insufficient evidence the Omer E. Post named in Exhibit B was the same person as defendant.

In a number of jurisdictions, where a claim is made for enhanced punishment on the ground of a former conviction, identity of name of the accused and the person previously convicted is held to be prima-facie evidence of identity of person and, in the absence of rebutting testimony, supports a finding of such identity. Annotation 11 A. L. R.2d 870, 884, 885; Note 39 Iowa Law Review 156, 158; 24 C. J. S., Criminal Law, section 1968a; 25 Am. Jur., Habitual Criminals and Subsequent Offenders, section 30, page 278.

■ Some courts, including ours, hold identity of names is not sufficient and there must be other evidence of identity of the accused and the person of the same name who was previously convicted. Annotation 11 A. L. R.2d 870, 887, 888, and other authorities last above; State v. Bolds, 244 Iowa 278, 285, 55 N.W.2d 534, 537, and citations; State v. Anderson, 216 Iowa 887, 891, 247 N.W. 306, and citations.

The first Iowa decision announcing the view just referred

to is State v. Smith, 129 Iowa 709, 106 N.W. 187, 4 L. R. A., N. S., 539, 6 Ann. Cas. 1023, where the defendant's name was John Smith and one of the previous convictions was against John A. Smith. No attempt was made to show identity of the accused with the person or persons previously convicted. We held, one judge dissenting, identity of names, without more, was insufficient prima-facie proof of the former convictions. The opinion states (page 714 of 129 Iowa): "We grant that the identity of names may be some evidence of the identity of persons; but, standing alone, it is not enough." It is apparent John Smith is a much more common name than Omer E. Post.

Of course we have here identity of name. When the full name is considered it can hardly be said to be a common one. We also have the testimony of Officer Field that he arrested this defendant for drunken driving in Webster County on September 5, 1953, and charged him with a second offense. His identification of defendant as the person so arrested and charged is positive and undenied. Field also said, without objection, he was not present in the courtroom at the time of disposition of the charge he filed against Omer E. Post. The district court of Webster County is the only court in that county in which such a conviction might be had. Time of the conviction is about the time the charge would reasonably be expected to be disposed of. The clerk of the court testified the records of his office showed the only conviction of Omer E. Post between 1952 and 1954 was that evidenced by Exhibit B. As stated, no attempt was made to show the man who was arrested and charged with a second offense and was on trial for this third offense was not the same man as the one convicted of the second offense.

We think the finding this defendant is the Omer E. Post previously convicted in Webster County has substantial support. It is quite unlikely that some other man of that name was convicted on November 20, 1953, in Webster County of a second offense of drunken driving in that county.

On principle the case resembles State v. Bolds, 244 Iowa 278, 55 N.W.2d 534, which upholds a sentence for a term not exceeding 25 years—25 times as long as the maximum term here—because of two prior convictions in Illinois. One former conviction was against William Bolds on September 10, 1928,

the other against William Winfield Bolds on February 28, 1946. Identity was shown by a guard in the Illinois penitentiary who was evidently not in the courtroom at the time of either former conviction but identified defendant as an inmate of the penitentiary to which William Bolds and William Winfield Bolds was sentenced.

The Bolds opinion states, "But there was here ample evidence to require submission to the jury on the issue of the two alleged previous convictions. * * * He [the guard] first met the defendant at the penitentiary in 1928 or 1929, and he came back there in 1946. These dates correspond with the dates of sentence shown in the authentications and furnish a sufficient basis for a jury determination on the question of identity." (Page 285 of 244 Iowa, page 537 of 55 N.W.2d.)

The Bolds opinion goes on to characterize State v. McCarty, 210 Iowa 173, 230 N.W. 379, cited by defendant here, as "somewhat unrealistic" and declines to broaden the scope of that decision. The opinion also analyzes, in support thereof, State v. Bullis, 196 Iowa 480, 484, 192 N.W. 793, 794, a case from Kentucky and one from Washington.

Concerning Bolds' failure as a witness to deny the previous convictions we say: "True it is that the State must make its case, without help from the defendant. But surely a fair inference of identity and previous conviction may be drawn by the jury from the circumstances shown in evidence. If they are not true, if the defendant is not the same person convicted in Illinois, if the guard was mistaken in identifying him as having been twice committed to the penitentiary, or if he was in fact committed there because of offenses other than those of which a person of the same name was convicted in Kane and Rock Island Counties, he could readily have said so, and the proof should not have been difficult for him to produce. * * * [This] furnishes much support, if support were needed, for the ruling adverse to defendant at that time." (Page 287 of 244 Iowa, pages 538, 539 of 55 N.W.2d.)

There was no dissent from the Bolds opinion.

State v. Gardner, supra, 245 Iowa 249, 262, 61 N.W.2d 458, 465, observes "It is significant that defendant's attorneys did not interrogate defendant, as a witness in his own behalf, as to

whether he was the defendant in the prior cases, and objected when the State attempted to do so."

We have carefully considered the precedents defendant cites and others bearing on the issue of defendant's identity with the person previously convicted. We think our decision here does not conflict with any of them. As in State v. Bolds, supra, we believe "Any other holding would be highly unrealistic. * * * Nor do we see any injustice in such a holding." (Page 287 of 244 Iowa, page 538 of 55 N.W.2d.)

■ III. The court submitted to the jury three forms of verdict: (1) Guilty of operating a motor vehicle while intoxicated, third offense; (2) guilty of operating a motor vehicle while intoxicated but not of the alleged prior offense and conviction, and (3) not guilty. As previously indicated, the jury returned the first form of verdict. Defendant complains because the court did not submit a form of verdict permitting the jury to find defendant guilty of operating a motor vehicle while intoxicated, second offense. The complaint is without merit.

The indictment does not describe the first conviction. The only former conviction described is the one in Webster County which is alleged to be a second offense. There is no proof of a first conviction except that included in the evidence of the second conviction. There is no basis in the record for a finding defendant had only one prior conviction.

Further, it would seem defendant was not prejudiced by the court's failure to submit the fourth form of verdict. Under the court's instructions it was the jury's duty to return a verdict of either guilty or not guilty of the offense in Polk County as a first offense if it failed to find he had been convicted of the prior, second offense alleged in the indictment. Either of these two verdicts would be more favorable to defendant than one finding him guilty of the particular crime in Polk County as a second offender.

■ In preparing the indictment and presenting its evidence the State evidently followed State v. Shepard, supra, 247 Iowa 258, 264, 73 N.W.2d 69, 72, which states: "We have said in Division I the evidence of a third conviction was properly admitted. This being true, proof of the first and second convictions could have been dispensed with. There could have been no

conviction of a third offense unless there were first and second convictions. The defendant who has been convicted of a second or third or fourth offense cannot complain if the State takes the record as it stands and starts with the highest numerical prior conviction which stands against his record and goes on from there."

So here defendant could not have been convicted of a second offense in Webster County if he had not previously been convicted of a first offense. On the issue of prior offenses it was proper for the State to start with the one in Webster County.

State v. Lowe, 235 Iowa 274, 16 N.W.2d 226, cited by defendant, is not in point. The indictment and the proof there identified both the first and second alleged convictions. The trial court erroneously ruled they were conclusively established and submitted only two forms of verdict: guilty of the particular offense charged as a third offense, and not guilty. We held the jury should have been permitted to find whether defendant had been convicted of either or both of the alleged former offenses.

 In this connection we may observe the existence of the previous convictions need not be submitted to the jury where there is a stipulation or formal admission thereof (State v. Ganaway, 243 Iowa 1316, 1318, 55 N.W.2d 325, 326; State v. Stark, 236 Iowa 893, 20 N.W.2d 11), or an accused admits them even upon cross-examination. State v. Shepard, supra, 247 Iowa 258, 267, 73 N.W.2d 69, 74.

We find no reversible error in any respect argued by defendant.—Affirmed.

All JUSTICES concur.