# IN THE COURT OF APPEALS OF IOWA

No. 13-0580
Filed April 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KING P. FLOWERS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Paul L. Macek, Judge.


        King P. Flowers appeals his conviction for felon in possession of a firearm as a habitual offender. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy Devine, Assistant County Attorney, for appellee.


        Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

King P. Flowers appeals his conviction for felon in possession of a firearm as a habitual offender. Flowers claims the district court improperly enhanced his sentence, as a habitual offender, by relying upon insufficient evidence to prove his prior felony convictions. Finding sufficient evidence of Flowers's prior convictions, we affirm.

**I.      Background Facts and Proceedings**

On November 6, 2012, King P. Flowers was arrested and charged with felon in possession of a firearm, enhanced as a habitual offender, after a gun was found in Flowers's apartment by his roommate.

A bifurcated bench trial was held. Following the first phase of the trial, which focused on the felon in possession of a firearm charge, the district court found Flowers guilty. The trial then progressed to its second phase concerning whether Flowers was as a habitual offender. The State introduced three certified records from Illinois showing three separate felonies from 2000, 2002, and 2003. The documents match Flowers's name and date of birth. The State did not offer evidence of matching social security numbers, but did ask the court to compare the handwriting on the Illinois documents to Flowers's signature on the written waiver of jury trial in this case. The district court determined Flowers had been convicted of the Illinois felonies and was a habitual offender in Iowa, as charged,

and sentenced him to a term not to exceed fifteen years in prison with a three year mandatory minimum.[1]

## II.	Standard of Review

We review challenges to the sufficiency of the evidence for errors at law. *State v. Jordan*, 663 N.W.2d 877, 879 (Iowa 2003).

## III.	Discussion

Flowers claims there was insufficient evidence to prove his previous convictions make him a habitual offender.

Prior convictions must be proven beyond a reasonable doubt. *State v. Griffin*, 135 N.W.2d 77, 78 (Iowa 1965). When examining a record of conviction, the fact of identical names is insufficient to prove a defendant has prior convictions for habitual offender purposes. *See State v. Smith*, 106 N.W. 187, 189 (Iowa 1906) (the name "John Smith" is not enough, taken alone, to prove the identity of the defendant). However, a relatively unique name will reinforce identification. *See State v. Post*, 99 N.W.2d 314, 318 (Iowa 1959). Additional evidence, such as a date of birth or social security number, is required to prove identity. *State v. Sanborn*, 564 N.W.2d 813, 816(Iowa 1997). "The evidence, as a whole, must be such as could convince a rational trier of fact that defendant is guilty beyond a reasonable doubt." *State v. Jordan*, 663 N.W.2d 877, 882 (Iowa 2003).

---

[1] In making this determination the district court relied on an earlier ruling, made during the first phase, which established Flowers previous convictions were felonies. The earlier ruling did not focus on identity but the proper classification of the offenses.

The State used Flowers's unique name as well as his date of birth to establish his prior convictions. A handwriting comparison was also utilized. The court, as fact finder, was qualified to engage in a handwriting comparison. *See* Iowa Code § 622.25 (2011). We find the uniqueness of Flowers's name, his date of birth, and the handwriting analysis were sufficient to establish Flowers's status as a habitual offender.

Flowers also claims the district court erred by relying on determinations made during the first phase of the trial to establish the out-of-state convictions were felonies. He asserts the issue should have been reconsidered during the second phase of the trial. Determination of whether the prior convictions were felonies is a question properly made by the court. *See State v. Spoonmore*, 323 N.W.2d 202, 203 (Iowa 1982). The district court reexamined the earlier ruling, considered the nature of the previous offenses, and determined Flowers had prior felony convictions. The nature of the offenses was properly considered during the second phase of the trial.

**AFFIRMED.**