STATE OF IOWA ex rel. JOHN B. HAMMOND, Petitioner, v. O. S. FRANKLIN et al., Respondent.

No. 41569.

NOVEMBER 22, 1932.

Charles O. Holly, for petitioner.

Arthur T. Wallace and Howard J. Clark, for respondent.

EVANS, J.—In August, 1931, the petitioner filed an information against one John McNerney, as defendant, charging said defendant with a violation of a liquor nuisance injunction decreed against him on June 11, 1914. The information prayed that the defendant be found guilty of contempt and punished accordingly. Pursuant to a search warrant seventeen bottles containing an alcoholic content were seized in the basement of the defendant's place of business. This content was prepared pursuant to a formula approved by federal authority as a medicinal manufacture, and purporting to be non-potable and incapable of being used as a beverage. Testimony

was introduced by the petitioner to the effect that such alleged medicine had no medicinal value and that it was capable of being used as a beverage. By proceeding in justice court the contents of the bottles were condemned and destroyed. From this latter proceeding a presumption arose that the content of the bottles was held for unlawful sale though there was no affirmative evidence that the bottles were ever offered or exposed for sale nor that any bottled contents of similar kind were ever offered or exposed for sale. Such was the general nature of the evidence in the case. After the evidence and the arguments were closed and the cause was submitted, the court announced its decision discharging the defendant, and as a reason therefor stated that no evidence had been introduced identifying the defendant as the same John McNerney against whom an injunction had been decreed in 1914. Thereupon a colloquy occurred between petitioner's counsel and the trial judge wherein counsel for the petitioner urged argumentatively that the evidence was abundant to identify this defendant and to connect him with the former injunction case. Pursuant to the argument counsel made the following oral request:

"It probably would not take over thirty minutes to settle the point in question to the satisfaction of the court; but I presume it would be safer to adjourn until morning so as to be sure, in the language of the poet, that we have the right pig by the ear."

To the foregoing the trial judge responded as follows:

"The case has already been decided. And, as I said, under all circumstances. Mr. Hammond was in another case the other day where we had this same question and we kept adjourning from time to time to get evidence and he is familiar with the law, or should have been familiar with the law on that question."

The complaint now directed against the action of the court is twofold: (1) That the court acted illegally in holding that the evidence failed to properly identify the defendant and to connect him with the former injunction; (2) that the court acted illegally in not re-opening the case and allowing the petitioner to produce, and introduce, further evidence on the question of identity.

We will consider these in their order.

I. In a civil case identity of name is presumptive evidence of identity of person. This is not true in a criminal case, where it

is sought to base present punishment upon a former decree or judgment of conviction. This rule we have recognized repeatedly. The burden is upon the public authorities to establish the identity by other evidence than the mere identity of name. State v. Smith, 129 Iowa 709; State v. Merkin, 198 Iowa 900; State v. Logli, 204 Iowa 116; State v. Lambertti, 204 Iowa 670.

It is urged by the petitioner that the circumstances appearing in evidence were sufficient to establish the identity. He further insists that the name is an unusual one and that that fact rendered it unlikely that there could be another person of the same name. It did appear that the premises searched were the same as those that were involved in the injunction. That circumstance had its significance by way of inference, but it stops short of proving the fact essential to the petitioner's case. Relatives often carry the same names and often become successors to each other in business. This is particularly true as to fathers and sons. There was no occasion in this case to resort to inference from circumstances. The fact was one capable of ready and absolute proof. We are impressed from the record that the failure of the petitioner to produce direct evidence to that fact was probably an inadvertence. We should have been better satisfied with the record therefore if the trial court had seen fit to exercise its discretion to re-open the case and to permit the oversight to be cured. But the court had a discretion either to re-open the case or to decline to do so. If it abused its discretion and acted illegally in refusing to re-open the case, yet the petitioner declined, or failed, to put himself in a position to test the legality of such ruling. He filed no motion. He made no showing of inadvertence. Nor did he, even orally, claim that the failure to introduce evidence was inadvertent. If the oral colloquy between counsel and court could be deemed the equivalent of a motion and an overruling thereof, yet the petitioner took no exception to the ruling. He merely requested orally that the case go over until the next day, without any showing as to what evidence he could produce. He has, therefore, no record herein that would justify an interference on our part with the discretion actually exercised by the trial court.

■■■ II. The court taxed the costs to the petitioner as the informant. This could only be done legally upon a finding by the court that the prosecution was without probable cause and malicious. The court made no formal finding of fact to that effect. Inasmuch as the decision turned upon a failure of proof to a single point and

such failure of proof· was inadvertent, at least to some degree, it cannot fairly be said that want of probable cause was affirmatively shown. In the absence of such a showing, the costs should not have been taxed to the petitioner.

To this extent the·writ is sustained. The order taxing costs to the petitioner must be reversed. In all other respects the writ is discharged, and the order of the trial court is—Affirmed.

STEVENS, C. J., and ALBERT, KINDIG, BLISS, and CLAUSSEN, JJ., concur.