STATE OF IOWA, Appellee, v. CLAUDE LOWE, Appellant.

No. 46589.

NOVEMBER 14, 1944.

R. E. Hanke, of Des Moines, for appellant.

John M. Rankin, Attorney General, and Wm. P. McFarlin, Assistant Attorney General, for appellee.

MANTZ, C. J.—The defendant was indicted by the grand jury of Polk County, Iowa, for the third offense: operating a motor vehicle while intoxicated. He entered a plea of not guilty but upon trial was convicted. From the sentence imposed he has appealed to this court.

The case comes to this court on a clerk's transcript, together with the defendant's motion for a new trial, the instructions of

the court, and the shorthand reporter's transcribed notes. No argument, either oral or written, was made by either party.

The appeal having been taken by the defendant herein, it becomes our duty under the statute to examine the record without regard for technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands. Section 14010, Code of Iowa, 1939.

I. Various questions have been raised by the defendant in his motion to set aside the verdict and reverse the judgment of the lower court. All of these have been considered and we find it necessary to pass upon but four of them. These questions are (1) the verdict was contrary to the law and the evidence (2) identity of the defendant as related to the claim of the State that he had two prior convictions for the crime of operating a motor vehicle while intoxicated (3) errors in various instructions and (4) the failure of the court to submit to the jury proper forms of verdict.

The indictment charged the defendant with the crime of operating a motor vehicle while intoxicated and further that this was a third offense for so operating a motor vehicle. Therein it was charged that on two prior occasions, in Polk County, Iowa, to wit, November 24, 1941, and January 31, 1944, said defendant in the district court of said county had entered a plea of guilty to that charge and received a sentence in each case.

The indictment was based upon section 5022.02, Code of 1939, which is as follows:

"Operating while intoxicated. Whoever, while in an intoxicated condition or under influence of narcotic drugs, operates a motor vehicle upon the public highways of this state, shall, upon conviction or a plea of guilty, be punished, for the first offense by a fine of not less than three hundred dollars nor more than one thousand dollars, or by imprisonment in the county jail for a period of not to exceed one year, or by both such fine and imprisonment; for the second offense by a fine of not less than five hundred dollars, nor more than one thousand dollars, or by imprisonment in the penitentiary for a period of not to exceed one year, or by both such fine and imprisonment;

and for a third offense by imprisonment in the penitentiary for a period not to exceed three years."

II. The defendant questioned the sufficiency of the evidence to convict him of the crime of operating a motor vehicle while intoxicated. We have examined the transcript of the evidence and hold that there was ample evidence in the record to warrant the court in submitting that issue to the jury. There was a conflict in such evidence and it was proper for the jury to pass thereon.

Defendant in his motion for a directed verdict, and later for a new trial, makes the claim that the evidence as to prior convictions was so lacking that such allegations should not have been submitted to the jury. We have examined the transcript of the evidence and are of the opinion that this claim is without merit. The court records showing convictions of Claude Lowe on the dates set forth in the indictment were offered in evidence. There was other evidence that the defendant was one and the same person as the Claude Lowe named in the prior convictions. The evidence included statements made by the defendant himself that he had been previously convicted for the offense of operating a motor vehicle while intoxicated. When asked as a witness whether he had ever been convicted of a felony he answered that, if a conviction for operating an automobile while intoxicated was a felony, he had been. We think that there was ample evidence in the record to warrant the court in submitting that matter to the jury. See State ex rel. Hammond v. Franklin, 215 Iowa 384, 245 N. W. 283.

III. Defendant in his motion for a new trial claims that the trial court erred in submitting to the jury but two forms of verdict. Form No. 1 is as follows:

"We, the jury, find the defendant, Claude Lowe, guilty of operating a motor vehicle while intoxicated, and we find that he has been twice heretofore convicted, and that he is guilty of the third offense as charged in the indictment."

Form No. 2 is as follows:

"We, the jury, find the defendant, Claude Lowe, not guilty."

The jury rendered a verdict using form No. 1, thereby finding the defendant guilty.

The transcript showing the judgment entry of the presiding judge in overruling the motion for a new trial and referring to prior convictions is as follows:

"That said record conclusively shows the first and second convictions of driving while intoxicated, and identity is established, and the court takes judicial notice of the same."

Under the statute prior convictions are included in the offense, and the indictment, in the charging part thereof, designated and described two prior convictions for a similar offense, to wit, operating a motor vehicle while intoxicated.

This language of the court seems to indicate that the court could take judicial notice of the two prior convictions and that the jury need not pass directly thereon. Under our holdings the matter of former convictions is for the jury, and the court is not authorized to take judicial notice obviating such a finding.

It is a rule of law in this state and in other jurisdictions that where prior convictions are charged in the indictment they are considered a part of the offense and must be proved beyond a reasonable doubt the same as any other material allegation. State v. Parsons, 206 Iowa 390, 220 N. W. 328; State v. Smith, 129 Iowa 709, 106 N. W. 187, 4 L. R. A., N. S., 539, 6 Ann. Cas. 1023: State v. McCarty, 210 Iowa 173, 230 N. W. 379; People v. Reese, 258 N. Y. 89, 179 N. E. 305, 79 A. L. R. 1329, 1337.

Defendant's claim in regard to this matter is that the court should have submitted to the jury forms of verdict so that the jury could have found the defendant guilty of the crime charged in the indictment; also, of any lesser offense included therein, to wit, operating a motor vehicle while intoxicated, operating a motor vehicle with one prior conviction, and operating a motor vehicle with two prior convictions, and that its failure to do so was error. The defendant's claim is that the court, in submitting but one form of verdict as to the guilt of the defendant, in effect told the jury that there could be no conviction for any other offense contained in the indictment.

An examination of the record and the authorities bearing

thereon leads us to hold that there is merit to the claim made by defendant. The forms of verdict given the jury afforded them no opportunity to determine separately whether or not the State had shown the prior convictions beyond a reasonable doubt.

The statute does not provide the method of submitting the matter of prior convictions to the jury. In some cases that matter has been handled by submitting special interrogatories to the jury on the question of prior convictions. State v. Mc-Carty, supra. Such interrogatories would, in effect, be the equivalent of a form of verdict, especially as applied to former convictions. We are of the opinion that the court should have submitted to the jury forms of verdict wherein they might find the defendant guilty of operating a motor vehicle for the first, second, and third offenses; also, one finding the defendant not guilty.

The matter of prior convictions necessarily includes the identity of the defendant as the person formerly convicted. State v. Parsons, supra. In that case the defendant was charged with the crime of bootlegging and the indictment alleged that the defendant had prior convictions for violating the liquor law. The statute under which the defendant was indicted and tried provides punishment for the first, second, and subsequent convictions of a violation of such law. There, as here, the jury found the defendant guilty. In dealing with the matter of prior convictions of the defendant, the court quoted from the Smith case the following:

" 'By the uniform current of authority, the fact of the prior convictions is to be taken as part of the offense instantly charged, at least to the extent of aggravating it and authorizing an increased punishment.' State v. Smith, 129 Iowa 709 [713], (4 L. R. A. [N. S.] 539, 6 Ann. Cas. 1023)."

Following the above, the court said:

"Defendant's plea of not guilty puts in issue not only all matters of fact essential to the crime charged, but the fact of the alleged former conviction of the defendant. In a sense, there were two issues: (1) not guilty to the crime of bootlegging, as

set forth in the indictment, and (2) not guilty to the alleged prior conviction of the liquor law of this state." State v. Parsons, 206 Iowa 390, 393, 220 N. W. 328, 329.

In the case of State v. Smith, supra, the defendant was indicted for the crime of burglary (larceny) and the indictment alleged that defendant had prior convictions for the same offense. In that case the court held that the statute requires a special finding at the hands of the jury as to the fact of such former convictions and the number thereof.

The statute under which the defendant was convicted in that case, aside from the nature of the offense charged, is similar to the one under which the defendant was charged in the present case. The force of the holding in that case is that the former convictions, when charged, are a part of the offense and that such former convictions must be specially found by the jury.

In the Parsons case, the court, in discussing the matter of the former convictions and the necessity of submitting the matter to the jury, used the following language:

"In the instant case, there was no special finding or form of verdict submitted to the jury with respect to the issue of former conviction. It is the rule of better practice for a trial court to so submit specially the issue of former conviction to the jury, under such circumstances, as it is quite apparent that a defendant could be convicted by the jury on the primary charge in the indictment on evidence independent of and not referable to the issue of former conviction. In a strict legal sense, within the purview of the statute (section 1964) the former conviction is not germane to the primary issue, but relates to the penalty to be imposed by virtue of a prior conviction. The matter, however, is an issue joined on the indictment by the plea of not guilty. The views herein expressed necessitate a new trial and a remand of the cause."

In that case the defendant was indicted for bootlegging and therein it was charged that there had been prior convictions. In discussing the case, this court quoted from its decisions which held that the prior convictions would enhance or increase the penalty, and therein referred to the holding in State v. Smith,

dealing with the identity of the person charged and former convictions. We quote from the opinion in the Parsons case, at page 394 of 206 Iowa, page 330 of 220 N. W., the following:

"The identity of the defendant as the person who suffered such former convictions remains to be proven. We grant that the identity of names may be some evidence of the identity of persons; but, standing alone, it is not enough. Every fact essential to the infliction of legal punishment upon a human being must be proven beyond a reasonable doubt. * * * The matter for the jury to determine is the historical fact involved in the charge, and this they must determine as any other fact in the case."

See, also, State v. Logli, 204 Iowa 116, 214 N. W. 490; State v. Merkin, 198 Iowa 900, 200 N. W. 437; State v. Lambertti, 204 Iowa 670, 215 N. W. 752; State v. Bergman, 208 Iowa 811, 225 N. W. 852.

It is our conclusion that the court erred in failing to give the jury proper forms of verdict in order to enable it to deal specifically with the charge of former convictions. Had the jury been afforded this opportunity it could have found that either or both of the alleged prior convictions had not been established beyond a reasonable doubt and in such case could have returned a verdict finding the defendant guilty simply of driving a car while intoxicated or that of not guilty.

Other matters were urged as error in the motion to set aside the verdict and grant a new trial. We find that they are without merit.

The error in failing to give the proper forms of verdict necessitates a reversal of the case, and same is reversed and remanded.—Reversed and remanded.

All JUSTICES concur.