STATE OF IOWA, appellee, v. ELTON HAROLD GANAWAY, appellant.

No. 48058.

(Reported in 55 N.W.2d 325)

OCTOBER 14, 1952.

Sidney C. Levine, of Des Moines, for appellant.

Robert L. Larson, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Clyde E. Herring, County Attorney, for appellee.

GARFIELD, J.—Defendant was indicted for operating a motor vehicle while intoxicated, third offense, in violation of section 321.281, Code, 1950. A jury found him guilty and the court sentenced him. Upon this appeal he assigns error in submitting to the jury only two forms of verdict (1) guilty of the third offense, and (2) not guilty, and instructing the jury the two prior convictions, as charged, were established by stipulation without dispute. It is contended four forms of verdict should have been submitted (as in State v. Barlow, 242 Iowa 714, 721, 46 N.W.2d 725, 729), guilty of a first, second or third offense and not guilty, also that the jury should have passed upon defendant's guilt of each of the prior offenses charged.

At the trial, while proof was being offered of the first previous conviction charged, defendant's counsel admitted both of the convictions as charged. The trial court's action of which complaint is now made was based upon this admission. It is argued constitutional and statutory guarantees of a jury trial entitled defendant to have the jury pass upon his guilt of the

prior convictions notwithstanding the admission. See Iowa Constitution, Article I, sections 9–10; Code, 1950, sections 777.16, 780.23.

■ The contention here made was not raised in the court below by exception to instructions or otherwise although defendant was represented by able and experienced counsel (other than his present attorney). Under numerous decisions we would be justified in not considering the complaints first raised here. State v. Grigsby, 204 Iowa 1133, 216 N.W. 678; State v. Woodmansee, 212 Iowa 596, 621, 233 N.W. 725; State v. Davis, 230 Iowa 309, 310, 311, 317, 297 N.W. 274, 277; State v. Dunne, 234 Iowa 1185, 1187, 15 N.W.2d 296; State v. Mart, 237 Iowa 181, 186, 20 N.W.2d 63, 66; State v. Albertson, 237 Iowa 1148, 1153, 24 N.W.2d 395, 397.

We have at times reviewed such assignments of error as a matter of grace. Mart and Albertson cases, supra; State v. Hofer, 238 Iowa 820, 832, 28 N.W.2d 475, 481. We are disposed to consider the assignments here urged. We hold they are without merit.

■ We have held in several criminal cases it is not error for the court in its instructions to assume as true an evidential fact which both parties admit and as to which there is no dispute. State v. Dunne, supra, 234 Iowa 1185, 1188, 15 N.W.2d 296, 298, 299, and citations; State v. Stark, 236 Iowa 893, 20 N.W.2d 11, which is squarely in point. See also State v. Wilson, 235 Iowa 538, 543, 17 N.W.2d 138, 141, 142; State v. Hiatt, 231 Iowa 499, 508, 1 N.W.2d 664, 669; State v. Wilson, 166 Iowa 309, 325, 326, 144 N.W. 47, 147 N.W. 739; People v. Filas, 369 Ill. 78, 15 N.E.2d 718.

This general rule is stated in the annotation in 70 A. L. R.. 94: "It is generally held that any concession, admission, or statement by a defendant's attorney in a criminal case obviates the necessity of the prosecution's introducing evidence on the point, but the prosecution is not precluded from introducing such evidence."

The annotation in 11 A. L. R.2d 870, 875, states: "An admission, by one accused of crime, of his identity with a person who was previously convicted as alleged has been held in many

instances to obviate the necessity for further proof thereof."

There is no merit to the suggestion in argument there should be some affirmative showing in the record that defendant's attorney upon the trial had authority to make such an admission. It was made in defendant's presence during the trial. He interposed no objection thereto and it is presumed to have been made with his consent. State v. Wilson (Ladd, J.), supra, 166 Iowa 309, 326, 144 N.W. 47, 147 N.W. 739; State v. McCray, 189 Iowa 1239, 1246, 179 N.W. 627. See also 23 C. J. S., Criminal Law, section 1009; 14 Am. Jur., Criminal Law, section 188.

Since the two prior convictions were admitted of record it was unnecessary for the jury to pass upon them as a disputed fact issue and the court properly instructed the jury regarding them. Nor was it necessary to submit more than the two forms of verdict.

Our decision does not conflict with State v. Lowe, 235 Iowa 274, 16 N.W.2d 226, the only precedent cited by defendant. State v. Stark, supra, 236 Iowa 893, 20 N.W.2d 11, holds the Lowe decision is inapplicable to a case such as this where the prior convictions are admitted of record. There was no such admission in the Lowe case.—Affirmed.

All JUSTICES concur.