STATE OF IOWA, appellee, v. WILLIAM I. DAVIS, appellant.

No. 51532.

(Reported in 140 N.W.2d 925)

MARCH 8, 1966.

REHEARING DENIED MAY 3, 1966.

Matt Walsh, of Council Bluffs, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Fred J. Kraschel, Pottawattamie County Attorney, for appellee.

THORNTON, J.—Defendant was convicted of robbery in violation of section 711.2, Code, 1962, and sentenced pursuant to

1194

section 747.1 to not more than forty years, the violation of section 711.2 being his fourth conviction of a crime specified in section 747.1.

This case has been tried twice in the district court. On the first trial the jury returned a verdict of guilty of robbery only, the jury apparently not finding the State had established the prior convictions. Defendant moved for a new trial and the motion was granted. On the second trial the jury convicted defendant again of robbery and answered "Yes" respectively to three interrogatories inquiring whether they found defendant was the person previously convicted of the prior felonies alleged.

Prior to the second trial defendant moved to dismiss all of the indictment except the paragraph charging him with robbery because he had been tried and acquitted of being a habitual criminal and to try him again on this matter would be double jeopardy in violation of his constitutional rights. Defendant objected to the evidence of the prior convictions on the same ground. The county attorney read the indictment including the prior convictions to the jury at the commencement of the trial and introduced in evidence the authenticated copies of the prior convictions over defendant's objection.

I. Defendant urges two propositions for reversal here— (1) that he was denied due process of law in that he did not receive a fair and impartial trial because the county attorney was permitted to read the part of the indictment alleging the prior convictions, and (2) he was placed in double jeopardy by trying him the second time as a habitual criminal.

The first proposition has been decided against defendant in State v. Griffin, 257 Iowa 852, 135 N.W.2d 77. We there held the matters raised by defendant were procedural only and the long established practice required by statute of presenting the prior convictions to the jury and requiring the jury to pass on them did not constitute a denial of due process of law. At that time the legislature was considering legislation to change this procedure to conform to defendant's position. This legislation is now law. Chapter 444, Laws of the Sixty-first General Assembly.

II. Defendant's second proposition has not been passed

on squarely by us. We have, however, considered similar propositions in State v. Eichler, 248 Iowa 1267, 83 N.W.2d 576, and State v. Gaskey, 255 Iowa 967, 124 N.W.2d 723. These two cases hold, and the authorities are thoroughly reviewed in each, that an allegation of a prior conviction does not charge a separate crime but is made only for the purpose of determining the penalty to be imposed upon conviction of the primary offense. And such allegation does not amount to charging a different or greater degree of crime. Section 747.1 here under consideration makes these things clear, it provides, "Whenever any person has been twice convicted of either of" specified crimes "or has been convicted of two or more of said crimes, and shall thereafter be convicted of any one of such crimes, committed after such conviction, he shall be imprisoned * * * for any term not more than forty years, * * *."

The section simply provides for a greater penalty upon conviction for the third or more times of the crimes specified. No one would contend a person could be prosecuted under this section just because he had two or more convictions. He must thereafter be convicted of one of such crimes, usually referred to as the primary offense, which offense has been committed after such conviction. When he is thus convicted a greater penalty is imposed because of his prior convictions. The section does not provide a separate crime.

Defendant insists he was acquitted of being a habitual criminal by the jury verdict in the first trial. This, of course, is impossible. He could not be acquitted of a penalty nor could he be so convicted. He was convicted of the primary offense. The failure of the jury in the first trial to find against him as to the prior convictions does not remove them. The elements of those crimes, the evidence necessary to prove such, were not before the jury. The questions before the jury as to prior convictions are, was there a prior conviction and is the present defendant the identical person so convicted? State v. Eichler, 248 Iowa 1267, supra, page 1271.

In State v. Gaskey, supra, defendant urged the imposition of the penalty section 747.1 provides against one who has been sentenced under section 747.5 violates due process. It was argued

this results in defendant being punished twice for the same offense. We there pointed out defendant was not being twice punished for the same offense. He is being punished for the primary offense and because of his prior convictions received a more severe penalty.

Another authority cited by the State is State v. Chamineak, Mo. Sup., 343 S.W.2d 153, 162, 163. The defendant there, like the defendant here, was tried twice. The first time he was convicted of the primary offense, but the jury made no finding in regard to the prior conviction. The defendant was granted a new trial. On the second trial he was again convicted of the primary offense and sentenced as a habitual criminal. Defendant there made the same contentions as are made here. The Missouri Supreme Court said:

"Even if the action of the jury, which defendant contends to have amounted to an 'acquittal' of the charge in the indictment of a previous conviction, occurred in a trial other than a previous trial of the same offense, the issue of the previous conviction is not res judicata. State v. O'Brien, Mo. Sup., 252 S.W. 2d 357; certiorari denied 345 U. S. 929, 73 S. Ct. 790, 97 L. Ed. 1359."—Affirmed.

All Justices concur except Mason and Rawlings, JJ., who dissent from Division I and the affirmance.

Mason, J. (dissenting)—I concur in what is said in Division II of the majority opinion. However, because of what is said and the reasons given for affirming the case in Division I, I dissent.

In this Division the majority say that defendant's first contention has been decided against him by the holding in State v. Griffin, 257 Iowa 852, 135 N.W.2d 77. In my opinion chapter 444, Laws of the Sixty-first General Assembly, is simply a codification of an existing constitutional right to a fair trial.

In the Griffin case, supra, at page 855 of 257 Iowa, page 79 of 135 N.W.2d, the court said:

"A majority of the members of this court are of the opinion the proposed procedural change, while meritorious and repre-

senting the modern view on proper procedure in these cases, should not be made by us while the General Assembly is considering corrective legislation similar to that adopted by statute in a number of states. This view is based not only on the General Assembly's present consideration of the problem but because a question of denial of due process is not reached."

The legislature was in session when the Griffin case was argued before the court and what is now chapter 444 was then being considered. The court then determined there was no denial of due process. I do not agree and would reverse because of the procedure followed by the State in reading to the jury that portion of the indictment relating to prior convictions.

RAWLINGS, J., joins in this dissent.