William I. DAVIS, Appellant,

v.

John E. BENNETT, Warden, Iowa State Penitentiary, Appellee.

No. 19081.

United States Court of Appeals Eighth Circuit.

Aug. 28, 1968.

Frank D. Anderson, of Abramson, Myers, Myers & Anderson, Des Moines, Iowa, for appellant.

Richard C. Turner, Atty. Gen. of Iowa, and David A. Elderkin, Asst. Atty. Gen., Des Moines, Iowa, for appellee.

Before MEHAFFY, GIBSON and LAY, Circuit Judges.

PER CURIAM.

In January 1966 petitioner was charged with the crime of "robbery with aggravation" in the Pottawattamie County District Court in Iowa. Pursuant to the Iowa multiple-offender statute, he was charged with the commission of three other felonies under Iowa law, and thereby subject to a greater sentence under the provisions of § 747.1 of the Code of Iowa, 1962. The jury found the petitioner guilty of a lesser degree of "robbery," which carried a maximum penalty of ten years. The jury returned blank verdict forms as to the charges of "robbery with aggravation" and of being an "habitual criminal." Thereafter the petitioner moved for a new trial based upon errors occurring at trial which are immaterial to our discussion here, and the state trial judge granted the same.

On the second trial, the indictment was amended and alleged only "robbery without aggravation" under § 711.3 of the Code of Iowa, 1962, along with the previous charge that the defendant had been convicted of felonies on three previous occasions, and was therefore an habitual criminal under Iowa Code § 747.1. The jury returned a conviction as to the robbery count and answered in the affirmative three interrogatories [1] as to whether this defendant had been previously convicted of felonies. Pursuant to § 747.1, petitioner was sentenced by the court to a forty-year prison term. Upon appeal to the Iowa Supreme Court the defendant contended that he had been subjected to "double jeopardy" in contravention of the Iowa Constitution. He likewise contended that he had been prejudiced by the combined trial of the habitual criminal charge along with the robbery charge. Although two justices dissented as to the unitary trial procedure, the court was unanimous in rejecting the contention of "double jeopardy" under the Iowa Constitution. State v. Davis, 258 Iowa 1192, 140 N.W.2d 925 (1966).

---

1. In the first trial separate interrogatories as to the prior convictions were not submitted to the jury. The trial judge submitted only a special form of verdict with the instruction that if the defendant were found guilty of the primary charge, the jury might also find him guilty of the habitual criminal charge, "but need not do so." Section 747.1 reads that if a defendant has been convicted of at least two prior felonies, "he shall be imprisoned" under the Act. Upon indictment of prior convictions, § 747.4 requires the jury to determine "specifically" whether the defendant had been previously so convicted. The use of special interrogatories rather than a form of special verdict, allows the court to utilize the jury's findings in assessing the punishment. This procedure appears more in line with the legislative purpose. This, of course, was done in the second trial. See discussions concerning the use of interrogatories in State v. Lowe, 235 Iowa 274, 16 N.W.2d 226 (1944) and State v. Parsons, 206 Iowa 390, 220 N.W. 328, 330 (1928).

On the assumption that the issue of double jeopardy had been fully passed upon by the state court, petitioner sought relief by habeas corpus in the federal district court and was denied the same. This court granted a certificate of probable cause and specified that the "constitutional implications, if any" of the "Forms of Verdict" in the first trial were to be briefed on appeal.

Petitioner's present appeal renews his claim of due process violations by reason of the combined trial. We feel this point was fully disposed of in Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), and no further discussion regarding this contention is warranted.

Petitioner's appointed counsel limits his brief, as understandably does the State of Iowa in response thereto, to the question of "double jeopardy" under the Iowa Constitution. The claim is made that the Iowa Supreme Court's ruling that the habitual criminal statute does not create a separate offense misinterprets the Iowa laws of criminal procedure and denies petitioner's rights under the Iowa Constitution, Art. I, § 12. Jurisdiction of the federal courts is presumably urged on the argument that a federal constitutional violation is therefore involved by reason of the denial of "appellant's right under the laws * * * of Iowa."

The difficulty here is that petitioner works under the false assumption that a federal court may independently construe state law contrary to the interpretations of the highest court of a state in a habeas corpus proceeding. The exact opposite is true. Federal courts are bound by the interpretation placed upon the constitution and statutes of a state by its highest court. Spencer v. Texas, supra; State of Minnesota ex rel. Pearson v. Probate Court of Ramsey County, 309 U.S. 270, 60 S.Ct. 523, 84 L.Ed. 744, 126 A.L.R. 530 (1940); Supreme Lodge, Knights of Pythias v. Meyer, 265 U.S. 30, 44 S.Ct. 432, 68 L. Ed. 885 (1924); Olson v. Tahash, 344

F.2d 139 (8 Cir. 1965); Chavez v. Dickson, 280 F.2d 727 (9 Cir. 1960).

The Iowa Supreme Court has repeatedly held that the habitual offender statute does not create a separate and distinct crime, but is merely relevant in determining the penalty to be imposed should a conviction be obtained on the "primary" charge. State v. Eichler, 248 Iowa 1267, 83 N.W.2d 576 (1957); State v. Biggins, 245 Iowa 903, 63 N.W. 2d 292 (1954); State v. Gardner, 245 Iowa 249, 61 N.W.2d 458, 465 (1953); State v. Barlow, 242 Iowa 714, 46 N.W. 2d 725, 729 (1951); State v. Smith, 129 Iowa 709, 106 N.W. 187 (1906). As the Iowa court early explained:

"[T]he fact of the prior conviction is to be taken as part of the offense instantly charged, at least to the extent of aggravating it and authorizing an increased punishment. * * * 'Every fact essential to the infliction of legal punishment upon a human being must be proven beyond a reasonable doubt. * * * The matter for the jury to determine is the historical fact involved in the charge, and this they must determine as any other fact in the case.' State v. Smith, 129 Iowa, 709, 106 N.W. 187." State v. Parsons, 206 Iowa 390, 220 N.W. 328, 329–30 (1928).

There is nothing in the due process clause which prevents the State of Iowa from making this construction.

The same thinking has been uniformly applied by other state courts. See, e.g., Ex parte McVickers, 29 Cal.2d 264, 176 P.2d 40, 45 (1946); State ex rel. Hansen v. Rigg, 258 Minn. 388, 104 N.W.2d 553 (1960); State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 940, 103 A.L.R. 1301 (1935); Kennedy v. State, 171 Neb. 160, 105 N.W.2d 710, 715 (1960); Gamron v. Jones, 148 Neb. 645, 28 N.W.2d 403 (1947); State v. Ruffing, 78 S.D. 556, 105 N.W.2d 541 (1960); and the Supreme Court of the United States has consistently recognized the principle that state recidivist statutes go only to punishment and do not themselves constitute

a distinct crime. See Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954); Graham v. State of West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912); McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901).

■■■ The United States Supreme Court has found nothing offensive to the Fourteenth Amendment in the great variety of procedures existing under state recidivist statutes. See Spencer v. Texas, supra. Some states provide that only the judge shall hear evidence regarding prior convictions in order to determine a defendant's punishment under an habitual criminal charge. Ann. Mo. Stat. § 556.280(2) (Vernon 1967). Cf. Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Most states follow Iowa's procedure of submitting the convictions to a jury.[2] See 1 Wigmore, Evidence § 196 (Pocket Supp. 1964). It has therefore uniformly been held that since habitual criminal statutes do not constitute separate offenses, they do not violate double jeopardy as to prior convictions. Graham v. West Virginia, supra; McDonald v. Massachusetts, supra; Moore v. State of Missouri, 159 U.S. 673, 16 S. Ct. 179, 40 L.Ed. 301 (1895). And a verdict of "acquittal" as to the prior convictions in one case would not constitute double jeopardy if they are charged again in relation to another new offense. Cf. State v. Collins, 266 Mo. 93, 180 S. W. 866 (1915).[3]

■■■ Under these circumstances, even if this court were possessed of the power to disagree with the Iowa law, we would not. Although the habitual criminal statutes are statutes subject to procedures consistent with due process,[4]

2. Iowa now follows the two-stage trial, wherein the prior convictions are offered only after guilt has been established on the primary charge. I.C.A. § 773.3 (1967 P.P.).

3. The court there said:
   "In some states we find statutes prescribing a severer punishment on a third conviction than the additional punishment provided for on a second conviction, and these statutes have been found free of constitutional objections. If the contention of appellant is correct, such a statute could not be effectual, because, under such a theory, when the state utilized in the second case the conviction in the first it would be unable to again use the conviction in the first for the purpose of enhancing the punishment in the case of the third conviction." 180 S.W. at 867.

4. Although the violation of a recidivist statute is not a separate crime, it is sufficiently independent of the primary charge to require presence of counsel, see Chandler v. Fretag, supra. However, the charge need not be heard separately. Spencer v. Texas, supra. On the other hand, the right of confrontation of witnesses does not apply to proceedings for punishment, when the court receives evidence of prior convictions. Williams v. New York, supra. Cf. Fed.R.Crim.P. 32. See 1 Wigmore, Evidence § 196 (Pocket Supp.1964). The Iowa legislature has declared that where the indictment refers to former convictions a jury must determine whether the defendant has been previously convicted of the felonies charged. Iowa Code § 747.4 (1962). Thus, under Iowa law, a judge cannot take judicial notice of prior convictions, State v. Lowe, 235 Iowa 274, 16 N.W.2d 226 (1914), and the defendant is entitled to the presumption of innocence relating to the charge, State v. Lowe, supra, State v. Smith, 129 Iowa 709, 106 N.W. 187 (1906), and therefore must be proven to have been convicted previously as charged in the indictment *beyond a reasonable doubt*, State v. Eichler, 248 Iowa 1267, 83 N.W.2d 576 (1957); State v. Smith, supra. This is so since the charge under the prior conviction statute becomes *part* of a criminal offense charged in the indictment. People v. Reese, 258 N.Y. 89, 179 N.E. 305, 79 A.L.R. 1329 (1932). The primary issue being submitted to the jury is the question of identification. Cf. Graham v. West Virginia, supra. And as discussed, this is usually done by the use of special interrogatories. See n. 1, supra. When the state fails to prove proper identification, cf. State v. Smith, supra, it is error for the judge, under Iowa law, still to sentence the defendant under the habitual criminal statute. State v. Lowe, supra; State v. Parsons, supra. However, if the defendant pleads guilty or admits the prior convictions, the judge may act independently of the jury. State v. Post, 251 Iowa 345, 99 N.W.2d 314, 320 (1959); Wallace v. Lainson, 250

they nevertheless do not constitute a basis for a jury verdict of "acquittal" of any crime, since, in and of themselves, they do not constitute a crime, but only an aggravation of the primary offense charged.[5]

Judgment affirmed.

LAY, Circuit Judge (concurring):

I find it impossible to dismiss petitioner's claim on the sole basis of our per curiam opinion without saying more. The court file includes a *pro se* memorandum to the district court and a letter written by the petitioner to his counsel[1] that his claim be considered under Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, 61 A.L.R.2d 1119 (1957) and Cichos v. State of Indiana, 385 U.S. 76, 87 S.Ct. 271, 17 L.Ed.2d 175 (1966) (see dissenting opinion). Petitioner claims he is being deprived of due process of law under the Fourteenth Amendment, by reason of its incorporation of the Fifth Amendment double jeopardy provision which reads:

"[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U. S. Const., Amend. V.

Petitioner contends in view of the jury's verdict in the first trial, the court at that time could not assess a greater punishment against him under § 747.1 as an habitual criminal. See State v. Smith, supra.[2] Petitioner's basic contention under *Green*, supra, is that the state in utilizing the habitual criminal statute to increase his sentence upon retrial has penalized him because he sought a new trial from his previous conviction, which had been in this case judicially determined to rest upon prejudicial error.[3]

Iowa 854, 95 N.W.2d 277, 279 (1959); State v. Shepard, 247 Iowa 258, 73 N.W. 2d 69 (1955); State v. Ganaway, 243 Iowa 1316, 55 N.W.2d 325 (1952); State v. Stark, 236 Iowa 893, 20 N.W.2d 11 (1945).

5. At best, such an "acquittal" in the first trial might lead to the quagmire discussions of "collateral estoppel." However, this doctrine has never been determined to be of constitutional significance. Cf. Hoag v. State of New Jersey, 356 U.S. 464, 470–72, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958).

1. On January 2, 1968, petitioner moved for appointment of new counsel in this court on the ground that appointed counsel was not raising the proper issues or authority in his appellate brief. This court denied petitioner's motion on January 5, 1968. Under the circumstances, with no intended reflection on appointed counsel, I feel it incumbent upon this court to point out why we do not reach the merits of the claim raised by petitioner pro se.

2. The problem of the blank verdict on the habitual criminal charge has been faced by other courts. State v. Satterfield, 336 S.W.2d 509, 516 (Mo.1960) (holding that the blank forms "amounted to a rejection by the jury of the hypothesis of the appellant's prior convictions"); United States ex rel. Hetenyi v. Wilkins, 348 F. 2d 844, 856–63 (2 Cir. 1965); People v. McCarthy, 110 N.Y. 309, 314, 18 N.E.

128, 129 (1888). The general consensus is that it means either the state failed to prove the charge, or that the jury found the accused innocent of the same. The problem of the special verdict form (vis-a-vis interrogatory) is that the jury may be exercising their discretion and perhaps sympathy in not wanting to punish unduly the accused by such a special finding.

3. Compare Circuit Judge Marshall's (now Mr. Justice Marshall) statement in *Wilkins*:

"Hence, New York conditions the power of the state to reprosecute upon a successful appeal by the accused from the conviction for lesser charge, or, to look at it from the view of the accused, under New York law, his right to appeal from a conviction for the lesser degree can only be exercised at the risk of being reprosecuted for the greater charge as well as the lesser charge if the appeal is successful, even though the state had once failed to obtain a conviction on the greater charge. This places the accused in a dilemma which was described by the Supreme Court in Green v. United States, supra, 355 U.S. at 193, 78 S.Ct. 221, as 'incredible,' and which is, to be sure, no less incredible because it was devised by New York rather than the federal government. By placing this unconscionable premium upon a successful appeal by an accused, a vital societal interest is threatened—assuring that liberty shall not be

Petitioner's contention is that this raises questions of double punishment as double jeopardy on the instant charge, rather than on the prior convictions, also issues of fundamental fairness under the due process clause and denial of equal protection of the laws. Compare United States v. White, 382 F.2d 445 (7 Cir. 1967) with Patton v. State of North Carolina, 381 F.2d 636 (4 Cir. 1967); Whaley v. State of North Carolina, 379 F.2d 221 (4 Cir. 1967); People v. Henderson, 60 Cal.2d 482, 35 Cal.Rptr. 77, 386 P.2d 677 (Cal. 1963). See this court's discussion in Beardslee v. United States, 387 F.2d 280, 297–98 (8 Cir. 1967). Petitioner's contention also raises serious questions concerning the "selective incorporation" doctrine of the Fifth Amendment under the Fourteenth Amendment. Cf. United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (2 Cir. 1965) (excellent analysis of problem by Circuit Judge Marshall, now Mr. Justice Marshall). See also Judge Blackmun's discussion in Ashe v. Swenson, 399 F.2d 40 (8 Cir. July 30, 1968). And it could, if the principles of *Green* are determined applicable to the present facts, raise constitutional questions as to the

"reasonable possibility" (Fahy v. State of Connecticut, 375 U.S. 85, 86–87, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963)) of prejudice relating to defendant's conviction on the robbery count. See United States ex rel. Hetenyi v. Wilkins, supra; Cichos v. State of Indiana, 385 U.S. 76, 81, 87 S.Ct. 271, 17 L.Ed.2d 175 (1966) (dissenting opinion). Petitioner, *pro se*, has injected these questions for the first time into the federal proceedings.

These issues have not been briefed by either counsel nor considered by the district court below. Of more importance, however, the district court file and the Iowa Supreme Court's opinion reflect that these questions were not raised before the Iowa courts. These questions are far-reaching and again relate to sensitive federal-state relationships. They are essentially difficult federal constitutional questions, but this is a state prisoner and wherever possible these issues should initially be presented to the state court through available post-conviction remedies. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); cf. Roach v. Bennett, 392 F.2d 743 (8 Cir. 1968). I feel in the instant case this has not yet been done.[4]

deprived without a trial free from legal error prejudicing the accused's substantial rights.

\* \* \* \* \*

"To permit the state to reprosecute the accused for the greater charge in these circumstances is to provide the prosecution with an opportunity 'to do better a second time,' not because it had been prejudiced by substantial legal error the first time, but because the accused had been prejudiced by substantial legal errors and because these errors had been perceived on appeal." 348 F.2d at 859, 860.

4. In State v. Kneeskern, 203 Iowa 929, 210 N.W. 465 (1926), the Iowa court held that it was not violative of due process to resentence a prisoner for death upon retrial of a case, when he first was sentenced to life. The Supreme Court of New Jersey recently commented:

"Only a few cases are to be found throughout the country which have considered the problem. Iowa (State v. Kneeskern, 203 Iowa 929, 210 N.W.

465, 473 (1926)) reached a result at odds with our present holding and in conflict with that expressed in People v. Henderson, supra. An early Florida case (Mann v. State, 23 Fla. 610, 3 So. 207, 211 (1877)) likewise seems opposed. Both states dealt with the situation long before the United States Supreme Court spoke so strongly in Green v. United States, supra. Whatever the rule elsewhere, in our judgment, the view we now take represents the only procedural standard consistent with the just administration of the criminal law." State v. Wolf, 46 N.J. 201, 216 A.2d 586, 591, 12 A.L.R.3d 970 (1966).

I do not imply *Kneeskern* is wrong or even necessarily applicable to the present facts. In fact, I have trouble making a pegboard fit of the instant case to either the facts of *Green*, supra (different degrees of offenses) or to Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919) (different punishment for same offense); or perhaps there no longer exists distinction between the two as Justice Traynor urges in the *Henderson*

I would therefore affirm the denial below for the further reason that petitioner has yet to exhaust his state remedies.

case and therefore it would not matter as long as the instant facts fall within the boundaries of the two. See Beardslee v. United States, supra. In any event, these are questions, "consistent with comity," which the state court should have "the opportunity to decide in the first instance. * * *" Giles v. State of Maryland, 386 U.S. 66, 81, 87 S.Ct. 793, 800, 17 L.Ed.2d 737 (1967).