STATE of Iowa, Appellee,

v.

Rose Bud BIGGLES, Appellant.

No. 58251.

Supreme Court of Iowa.

Nov. 12, 1975.

John C. Wellman, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

REYNOLDSON, Justice.

A jury found defendant guilty of carrying a concealed weapon. Proceedings related to his sentencing and status as an habitual criminal terminated in a December 6, 1971 judgment imposing a 25-year sentence. See § 747.5, The Code.

Defendant failed to file a timely appeal. He was denied post-conviction relief and a delayed appeal. Federal district court ordered him to be released unless he was resentenced to permit him to file a timely appeal. He was perfunctorily resentenced December 3, 1974. His appeal raises only the two issues identified in the following divisions.

■■ I. Defendant asserts his sentence as an habitual criminal cannot stand because "there was no conviction of the Appellant either by plea of guilty or by jury verdict and * * * the judgment and sentence for being an habitual criminal was entered upon the finding of fact by the Court based upon certain admissions of the Appellant."

We have already noted the jury returned a verdict of guilty on the concealed weapon charge. This triggered the recidivist proceeding. Defendant cites no authority for the proposition the increased sentence may only be imposed following an additional guilty verdict or formal guilty plea. To the contrary, the universal rule holds the recidi-

vist laws do not define an additional or different crime but merely go to the issue of punishment. Proceedings under such statutes are for identification only. *Chandler v. Fretag*, 348 U.S. 3, 8, 75 S.Ct. 1, 4, 99 L.Ed. 4, 9 (1954); *Graham v. West Virginia*, 224 U.S. 616, 624, 32 S.Ct. 583, 586, 56 L.Ed. 917, 921 (1912); *Davis v. Bennett*, 400 F.2d 279, 282 n. 4 (8 Cir. 1968), cert. denied, 395 U.S. 980, 89 S.Ct. 2137, 23 L.Ed.2d 768 (1969); *State v. Tillman*, 228 N.W.2d 38, 42 (Iowa 1975); *State v. Goodwin*, 212 N.W.2d 399, 402 (Iowa 1973), cert. denied, 419 U.S. 846, 95 S.Ct. 82, 42 L.Ed.2d 75 (1974).

We find no merit in defendant's first assigned error.

▮ II. Defendant contends he should not have been sentenced as an habitual criminal because the record made did not show he was actually committed to prison following the first alleged February 1, 1956 conviction for robbery with aggravation. Section 747.5, The Code, provides for enhanced punishment for one who has been twice before convicted of crime, sentenced to a term for not less than three years, and committed to prison.

Appeal on this ground might have been avoided had the State in the recidivist proceeding offered into evidence a certified copy of each prior conviction and related mittimus. See *State v. Nelson*, 234 N.W.2d 368, 375 (Iowa 1975); *State v. Houston*, 209 N.W.2d 42, 47 (Iowa 1973); *State v. Cameron*, 167 N.W.2d 689, 691 (Iowa 1969); *State v. Bolds*, 244 Iowa 278, 284, 55 N.W.2d 534, 537 (1952); *State v. Smith*, 129 Iowa 709, 714, 106 N.W. 187, 189 (1906).

While imprecise language in several of our opinions might indicate defendant is to be interrogated to establish prior convictions, see, e. g., *State v. Wessling*, 260 Iowa 1244, 1260, 150 N.W.2d 301, 310 (1967) ("* * * defendant is then called to either admit or deny the previous convictions * * *"), defendant's participation in the proceeding should ordinarily relate only to the issue of identity. See § 785.16, The Code ("* * * he shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. If he denies the identity, sentence shall be postponed for such time as to permit a trial before a jury on the sole issue of the offender's identity with the person previously convicted"); *Graham v. West Virginia*, supra, 224 U.S. at 624, 32 S.Ct. at 586, 56 L.Ed.2d at 921 ("The proceedings under the statute are for identification only"); *State v. Stark*, 236 Iowa 893, 894, 20 N.W.2d 11, 12 (1945) ("Defendant further conceded that he is and was the same identical person convicted in said criminal causes shown and made a part of the record").

The printed record submitted in this appeal discloses defendant responded in the affirmative when the judge initially asked him whether he had been convicted on February 1, 1956 of robbery with aggravation and sentenced to 25 years in the penitentiary. Defendant makes no complaint concerning the fact of such interrogation. Compare *State v. Goodwin*, supra at 402 with *In re Yurko*, 10 Cal.3d 857, 863–865, 519 P.2d 561, 565–566, 112 Cal.Rptr. 513, 517–518 (1974). But defendant was not then directly asked whether he was committed to prison. He therefore relies on an asserted absence of record evidence his 1956 conviction resulted in imprisonment as required by § 747.5, The Code. See *State v. Tillman*, supra; *State v. Conley*, 222 N.W.2d 501 (1974).

However, a later portion of the transcript of the sentencing proceeding which is before us reveals trial court carefully set out for defendant the result of the court's investigation of defendant's numerous prior convictions and incarcerations, including the two prior convictions upon which the recidivist proceeding was grounded, concluding,

"I now ask the defendant whether or not he wishes to make a further showing in regard to his entitlement to probation.

MR. OLIVER [defense counsel]: He said, sir, he wanted to raise his hand

about something in the fifties. I don't know when it is.

THE COURT: Mr. Biggles.

THE DEFENDANT: Yes, Judge. On that robbery with aggravation you said two years, but I did four years eight months on that charge. I went in the institution the first part of '56 and I wasn't paroled until October of '60.

THE COURT: Well, you were convicted and sentenced in February of 1956?

THE DEFENDANT: Yes. That's when I went to the institution at that particular time. I did four years eight months and if I am not mistaken, sixteen days.

THE COURT: I see you were transferred from the penitentiary to Anamosa.

THE DEFENDANT: To Anamosa, yes."

When defendant was sentenced in 1971, and resentenced in 1974, the court had before it a record clearly disclosing defendant had been convicted, sentenced to more than three years, and committed to prison on the two occasions specified in the county attorney's information. See § 769.6, The Code. The § 747.5 requirements for enhanced punishment were met. See generally *State v. Kramer*, 235 N.W.2d 114 (Iowa 1975); *State v. Nelson*, supra; *Hack v. Auger*, 228 N.W.2d 42 (Iowa 1975).

The case is therefore affirmed.

Affirmed.