STATE of Iowa, Appellee,

v.

Dale Lee POPES, Appellant.

No. 63756.

Supreme Court of Iowa.

April 23, 1980.

Douglas V. Coonrad of Patterson Law Firm, Waterloo, for appellant.

. Thomas J. Miller, Atty. Gen., Douglas F. Staskal, Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, ALLBEE, and LARSON, JJ.

LeGRAND, Justice.

After pleading guilty to a charge of false use of a financial statement in violation of section 715.6, Supplement to the Code 1977, defendant was sentenced as an habitual criminal under the provisions of section 902.8, Supplement to the Code 1977. He appeals and we affirm the trial court.

Defendant claims he was placed in double jeopardy in violation of the Fifth Amendment to the Federal Constitution. He also says he was denied a speedy trial under rule 27(2)(b), R.Crim.P.

A trial information was filed charging defendant with the crime of false use of a financial instrument and also alleging that he was an habitual criminal. A jury was impaneled to try defendant. A supplemental trial information was also filed setting out only the false use of the financial statement, making no mention that defendant was charged with being an habitual criminal.

After trial had started and one witness had testified, defendant pleaded guilty to a

violation of section 715.6. His attorney, joined by defendant personally, requested that hearing on the habitual criminal issue be postponed until a new jury was impaneled. Thereafter, defendant filed a motion to dismiss, alleging that he was not given a hearing on his habitual criminal status within ninety days.

■ The premise upon which both of these alleged errors is predicated is faulty. To prevail defendant must successfully argue section 902.8 (the habitual criminal statute) defines a separate crime. We have repeatedly said it does not. It is only a sentencing procedure by which punishment is enhanced for one who is convicted of his third felony. *State v. Smith,* 291 N.W.2d 25, 27 (Iowa 1980); *State v. Hanna,* 277 N.W.2d 605, 608 (Iowa 1979); *State v. Biggles,* 235 N.W.2d 112 (Iowa 1975); *State v. Goodwin,* 212 N.W.2d 399, 402 (Iowa 1974); *State v. Wessling,* 260 Iowa 1244, 1261, 150 N.W.2d 301, 311 (1967); *State v. Davis,* 258 Iowa 1192, 1194–95, 140 N.W.2d 925, 926 (1966).

■ Since the hearing under section 902.8 is not a trial for a public offense, the question of double jeopardy does not arise. Defendant cites only one case as authority, *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). However, that case involved a prosecution for two statutorily defined crimes—burglary and larceny. The hearing to determine defendant's status as a recidivist involves no prosecution for a crime. *Benton* affords no support for defendant's argument.

Defendant's second challenge to his hearing under section 902.8 is equally without substance. He relies solely on rule 27(2)(*b*), R.Crim.P. There are two reasons why defendant must fail. In the first place, delay in the hearing was at his request to avoid facing the same jury which had already heard some evidence on the underlying charge. He cannot be heard to complain of a delay which is attributable to him. *State v. LaPlant,* 244 N.W.2d 240, 242 (Iowa 1976).

■ Even more cogent, rule 27(2)(*b*) is limited in its application to trials for a "public offense." It has no reference to hearing under section 902.8. Neither does rule 18(11), R.Crim.P., help defendant's cause. *See State v. Drake,* 259 N.W.2d 862, 866 (Iowa 1977).

We find no merit to either issue raised by this appeal and the judgment of the trial court is AFFIRMED.

AFFIRMED.