## ROY DAVIS V. THE STATE.

No. 10024.   Delivered June 9, 1926.

Rehearing denied October 20, 1926.

**1.—Embezzlement—Plea of Guilty—Supports Conviction.**

Where, in a felony case, the accused enters a plea of guilty, he admits all material averments contained in the indictment. The statute, Art. 502, C. C. P. 1925, makes obligatory the introduction of testimony upon a plea of guilty, the only purpose of such introduction being to enable a jury to decide on the punishment. If the evidence introduced on a plea of guilty demonstrates the innocence of the accused, the trial court should not accept such plea. The evidence introduced in this case cannot be said to have had that effect. See Bennett v. State, 267 S. W. 987; Harris v. State, 172 S. W. 975.

ON REHEARING.

**2.—Same—Evidence—Held Sufficient.**

The only point relied upon by appellant in this case for a reversal was his contention that the state did not prove him to be the agent of the Motor Acceptance Corporation, his principal. His plea of guilty admitted this fact, but aside from such plea the evidence of the state clearly showed him. to be the agent of such principal in the collection and receipt of the money which he was shown to have failed to deliver to his principal, and his motion is overruled. Distinguishing Brady v. State, 1 S. W. 463.

Appeal from the District Court of Hill County. Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction for embezzlement, penalty two years in the penitentiary.

The opinion states the case.

*Collins, Dupree & Crenshaw* of Hillsboro, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Hill County of embezzlement, punishment two years in the penitentiary

Appellant pleaded guilty to embezzlement. It was charged in the indictment that he was agent of a certain corporation and that he fraudulently embezzled, misapplied, etc., $292.00 in money belonging to said corporation without its consent, which money had come into his possession and was under his care by virtue of his agency. A plea of guilty admits all material averments of the indictment. Bennett v. State, 267 S. W. Rep.

987. The statute (Art. 502, C. C. P. 1925) makes obligatory the introduction of testimony upon a plea of guilty, the only purpose of such introduction being to enable the jury to decide on the punishment. We are cited to some cases holding that when the evidence introduced on a plea of guilty demonstrates the innocence of the accused, the trial court should not accept such plea. Bennett v. State, 267 S. W. Rep. 988; Harris v. State, 172 S. W. Rep. 975.

It is insisted that the facts before the court in this case bring it within the holding above referred to. It was in testimony that appellant installed a Delco light plant for a Mr. Greer, who paid part of the purchase price at the time and owed $292.00; also that the contract for such plant was made with the corporation above referred to, and that the unpaid part of the purchase price belonged to and was due said corporation. The testimony shows that the balance due on said plant was paid to appellant, who took same, according to a witness, as the agent of said corporation. Said money was not paid over to said corporation by appellant. We think all the requirements as to testimony on a plea of guilty were met, and that there is no testimony demonstrating or tending to show that appellant was not guilty of the offense.

Being unable to agree with appellant's contentions, and the record showing him to have had a trial in accordance with law, the judgment will be affirmed.

                                                        *Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The proof introduced upon appellant's plea of guilty, for the purpose of enabling the jury to assess the penalty, showed that he installed a Delco light system in Mr. Greer's house; that Greer paid him $50.00 upon same at the time; that later Greer paid him an additional $100.00 upon said plant; that later he paid him $292.00, being the total amount due in payment for said Delco light plant. This $292.00 was not reported by appellant to the General Motors Acceptance Corporation at Dallas, to whom payment was due for said plant. It was in testimony without dispute that when appellant took said money he took and had same as the agent of said General Motors Acceptance Corporation. This was sworn to by a witness. No such testimony appears in Brady v. State, 1 S. W. Rep. 463, cited by appellant, nor in any of the other authorities cited in the motion. We again call attention to the fact that this case was not one in which the issues were contested, but one in which, by his plea of guilty, appellant admitted every

material averment in the indictment. We cannot agree with appellant's contention that the evidence affirmatively shows him to be not guilty herein.

The motion for rehearing is overruled.

*Overruled.*