THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
ROY HARMOR, Defendant.

Supreme Court, Special Term, Monroe County, August 10, 1945.

*Leo J. Rice* for defendant.

*Daniel J. O'Mara, District Attorney (Alan M. Hill* of counsel), for plaintiff.

VAN VOORHIS, J. Petitioner [defendant] was convicted of public intoxication on January 27, 1942, on a plea of guilty, by a Justice of the Peace of the Town of Pittsford, Monroe County, New York. The Justice thereupon filed a certificate of conviction in the Monroe County Clerk's Office. The information

charges that this offense was committed in the town of Pittsford. No appeal was taken within the time limited by law. The defendant, who is the petitioner herein, now applies to the Supreme Court for an order vacating the certificate of conviction filed in the county clerk's office upon the ground that the crime, if committed at all, was committed in the town of Perinton, and not in the town of Pittsford. It is contended that the Pittsford Justice acted without jurisdiction and that the judgment of conviction is therefore null and void. The argument has been advanced that the situation is analogous to that which exists where a court is improperly constituted as, for example, where a village police court justice holds court outside of the boundaries of the village (*People* v. *Chmielewski*, 153 Misc. 386; *People* v. *Mulner's Tavern, Inc.*, 157 Misc. 227). Doubtless where a court purporting to convict is not a court, its mandate is ineffectual to accomplish anything, and there must be some procedure whereby its nullity can be declared. In the present instance, however, on the face of the information to which petitioner pleaded guilty, the Justice of the Peace had power to act. It is not disputed that he was a justice of the peace of the Town of Pittsford, nor that defendant appeared before him in Pittsford, which is the town wherein the information charged the defendant with having become publicly intoxicated.

Regardless of what power the Supreme Court may have to cancel a certificate of conviction collaterally where lack of jurisdiction appears upon the face of the proceedings, it is too late for the defendant to contest whether he was publicly intoxicated in Pittsford or in Perinton, or whether he was intoxicated upon his own premises and therefore not guilty of public intoxication at all. A court of special sessions, like other courts, has power to pass upon the existence of the facts conditioning its own jurisdiction, and, once their existence has been adjudicated upon evidence in an action or proceeding wherein the parties are before the court, the question of the presence or absence of jurisdictional facts cannot be opened and relitigated collaterally any more than can the presence or absence of the facts constituting the crime. Here, as has been stated, the defendant pleaded guilty to a charge contained in an information stating that the crime was committed in the town of Pittsford. That plea was equivalent to a conviction upon evidence that he was publicly intoxicated in that town. To allow such questions to be reopened now would disturb the finality of convictions where the court had jurisdiction upon the face of the record by permitting questions of fact to be contested after the time to appeal

had expired. This, as has been indicated, is as true where the facts sought to be established would draw in question the jurisdiction of the court as where they would tend to demonstrate that the defendant was not guilty of the crime charged.

It is, of course, essential in order to render the existence of the jurisdictional facts *res judicata* that the parties shall have been before the court which made the adjudication (cf. *Forster* v. *Forster*, 182 Misc. 382, 386). In *Kinnier* v. *Kinnier* (45 N. Y. 535, 540) after pointing out that in the previous action the court had jurisdiction of the defendant on account of his voluntary appearance, the court stated concerning the plaintiff therein: " The question whether he was a resident there, so as to enable him to file his bill, was for that court to determine, and although it may have decided erroneously, the decision cannot affect the validity of the judgment." In Freeman on Judgments (Vol. 1, 5th ed., § 350) under the heading '' Adjudication by Court of Its Own Jurisdiction '' the author states (pp. 719-721): " If the circumstances which give rise to the jurisdiction do not exist in a particular case the authority to act does not arise. But the question as to whether or not they do in fact exist is a matter primarily for the court whose powers are invoked, and it has jurisdiction to examine and determine whether the particular application is within or beyond its authority. * * * In general, therefore, where the right of the court to assume jurisdiction of a cause and proceed to judgment depends upon the ascertainment of facts in pais and the court retains jurisdiction it thereby impliedly adjudges that the requisite jurisdictional facts exist and having found such facts in favor of jurisdiction, its decision in this respect, whether erroneous or not, cannot be questioned in a collateral proceeding, for a presumption arises in such cases, when the validity of the judgment is attacked, that the necessary jurisdictional facts were proven. * * * It is undeniable that if a court of limited jurisdiction is charged with the ascertainment of jurisdictional facts, and its record and proceedings show such facts were ascertained, they cannot be collaterally impeached." The author continues by stating that this rule has frequently been invoked in the determination of jurisdictional residence to preclude collateral attempts against the judgment. An example of the latter is *Guggenheim* v. *Wahl* (203 N. Y. 390, 397). The rule is otherwise where the court which assumed to pass upon the jurisdictional facts did not have the parties before it (*Hanna* v. *Stedman*, 230 N. Y. 326). In *Baltimore, etc., R. Co.* v. *Freeze* (169

Ind. 370, 374–375) it was said: " It is well settled that, when an inferior tribunal is required to ascertain and decide upon facts essential to its jurisdiction, its judgment thereon is conclusive against collateral attack, unless the want of jurisdiction is apparent on the face of the proceedings. A decision on a jurisdictional question, either expressly or impliedly given by a tribunal, has the same binding effect upon the parties as a decision on any other matter within its cognizance in any pending case or proceeding \* \* \*." That principle disposes of the motion now before this court. The doctrine of *res judicata* is applicable in criminal as well as in civil actions and proceedings. " There is no reason why a final judgment in a criminal prosecution or proceeding should not, under proper circumstances, be given conclusive effect as an estoppel or bar. The same policy which dictates the rule in civil cases requires it in criminal cases." (2 Freeman on Judgments [5th ed.], § 648; Note, 147 A. L. R. 991.)

The petitioner herein had his day in court with opportunity to dispute that this offense was committed in the town of Pittsford; he elected not to do so and cannot be heard to dispute it now.

The motion is denied.