CHARLES LOCKHART, appellant, v. JAMES H. SMITH, Sheriff of Linn County, appellee.

No. 47721.

(Reported in 43 N.W.2d 541)

Auguṣt 1, 1950.

L. M. Hullinger and Edward J. Dahms, both of Cedar Rapids, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and William W. Crissman, County Attorney, for appellee.

Smith, J.—Plaintiff, in Linn District Court, pleaded guilty to an information charging a crime committed *in Linn County*. He waived time and asked immediate sentence which was duly pronounced. He then appealed urging certain defects in the information. See State v. Lockhart, 241 Iowa 638, 39 N.W.2d 589. Upon affirmance on that appeal and issuance and execution of mittimus, he brought this proceeding, claiming for the first time that "the facts upon which the information was predicated * * * took place in Benton County, if at all, and more than 500 yards from the boundary line between Benton and Linn Counties, Iowa."

Plaintiff now argues the Linn District Court was without jurisdiction of the subject matter in the criminal case and that his conviction and imprisonment were and are illegal and void. He appeals from an adverse decision.

 The decision was right. The information charged commission of the crime in Linn County. By pleading guilty defendant (plaintiff here) admitted the fact of situs, and the court, by accepting the plea, adjudicated it. People v. Bellon, 180 Cal. 706, 182 P. 420, 422; People v. Harmor, 185 Misc. 596, 57 N.Y.S.2d 402; Dusenberg v. Rudolph, 325 Mo. 881, 30 S.W.2d 94, 95. A plea of guilty admits all material fact averments of an indictment. Davis v. State, 105 Tex. Cr. R. 87, 287 S.W. 56; Johnson v. Commonwealth, 254 Ky. 775, 72 S.W.2d 472; Forthoffer v. Swope, 103 F.2d 707; People v. Conn, 391 Ill. 190, 62 N.E.2d 806; 14 Am. Jur., Criminal Law, section 272; 22 C. J. S., Criminal Law, section 424.

 The judgment of the Linn District Court as to the fact of its own jurisdiction is not subject to collateral attack. 49 C. J. S., Judgments, section 427. It has the same effect and conclusiveness as its decision on any other matter within its jurisdiction. 21 C. J. S., Courts, sections 113, 115. This is of course a collateral attack. Schultz v. Lainson, 234 Iowa 606, 13 N.W.2d 326, 156 A. L. R. 858; Reeves v. Lainson, 234 Iowa 1034, 14 N.W.2d 625.

 What we have said impliedly concedes that this appeal presents a question of jurisdiction in rem. We entertain considerable doubt as to whether the question is one of jurisdiction in rem or merely venue or "territorial jurisdiction," but do not pass on that. See Schultz v. Lainson, supra. Whatever right defendant had to be tried in the county where the acts were committed was waived. Brown v. State, 219 Ind. 251, 37 N.E.2d 73, 137 A. L. R. 679, and note 686 et seq.; 14 Am. Jur., Criminal Law, section 233.

The judgment of the trial court is—Affirmed.

All JUSTICES concur.