WEDMORE *v.* STATE OF INDIANA

[No. 29,354.   Filed January 31, 1956.]

George T. Patton, of South Bend, for appellant.

Edwin K. Steers, Attorney General, and Owen S. Boling, Deputy Attorney General, for appellee.

BOBBITT, C. J.—Appellant was charged by affidavit with the crime of rape. To this charge he entered a plea of not guilty. After a jury had been impaneled he withdrew his plea of not guilty and entered a plea of guilty to the lesser and included offense of assault and battery with intent to commit a felony. Upon this plea of guilty the trial court sentenced appellant to the Indiana State Reformatory for a period of one to five years; and suspended the sentence and placed him on probation for a period of two years.

Appellant attempts to assign as the sole error in this court the overruling of his motion for discharge under Acts 1927, ch. 132, §12, p. 411, being §9-1402, Burns' 1942 Replacement.

The State of Indiana, by the Attorney General, has filed its motion to dismiss the appeal herein because the judgment of the trial court is not one from which an appeal will lie.

It appears from an examination of the record that appellant withdrew his plea of not guilty advisedly, and

entered a plea of guilty with full knowledge of his rights and the consequences of his act. This amounted to a judicial confession of the crime with which he was charged and waived all defenses other than that the affidavit charged no offense. *Weatherby* v. *United States* (1945), 10 Cir., 150 F. 2d 465, 466; *Wier* v. *United States* (1937), 7 Cir., 92 F. 2d 634, 114 A. L. R. 481 (Cert. Denied, 302 U. S. 761, 82 L. Ed. 590, 58 S. Ct. 368); *People* v. *Popescue* (1931), 345 Ill. 142, 177 N. E. 739, 744, 77 A. L. R. 1199; *People* v. *Banning* (1950), 329 Mich. 1, 44 N. W. 2d 841, 844; *Lockhart* v. *Smith* (1950), 241 Iowa 970, 43 N. W. 2d 541; 22 C. J. S., Criminal Law, §424, p. 655; 14 Am. Jur., Criminal Law, §272, p. 952. Hence, when appellant entered his plea of guilty he waived any question on the ruling of the trial court on his motion for discharge.

The judgment from which this appeal is prosecuted is one entered upon a plea of guilty. Such a judgment is conclusive until vacated by a withdrawal. *Jackson* v. *State* (1903), 161 Ind. 36, 37, 67 N. E. 690; Ewbank's Criminal Law, 2d ed., §672, p. 489.

For the reasons above stated no question is presented for our consideration, and the motion to dismiss will be sustained.

Appeal dismissed.

Landis, Arterburn, Achor and Emmert, JJ., concur.

NOTE.—Reported in 131 N. E. 2d 465.