Robert M. LAWSON, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 485S151.

Supreme Court of Indiana.

Oct. 27, 1986.

Susan K. Carpenter, Public Defender, Hector Flores, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Robert M. Lawson pleaded guilty to conspiracy to commit murder, Ind. Code § 35–41–5–2 (Burns 1985 Repl.) and was sentenced to 25 years in prison. He challenged that plea in a petition for post-conviction relief and now appeals from its denial, pursuant to Indiana Rules of Procedure for Post-Conviction Remedies, Rule P.C. 1, Section 7.

Lawson claims his plea was involuntary and unintelligent because the trial court did not advise him fully in accordance with Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.), repealed and replaced by Ind.Code § 35–35–1–2. Specifically, the trial court did not explicitly advise Lawson that he had right to a public and speedy trial and that the court was not a party to the plea agreement reached by Lawson and the prosecutor.

■ Lawson bears the burden of proving the allegation that his plea was involuntary and unintelligent. The trial court which heard the post-conviction proceeding is the sole judge of the weight of the evidence and the credibility of the witnesses. We reverse only when the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction court. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

During the post-conviction proceeding, Lawson introduced transcripts of the hearings at which he pleaded guilty and was sentenced. The transcripts showed that the court did not explicitly make either advisement at issue. The State introduced a copy of the plea agreement signed by Lawson, which enumerated both advisements.

■ The plea agreement stated, "If the Court does not accept the terms of this Plea Agreement the State will proceed to trial against the defendant on the original charge of Murder." The court did, in fact, reject the plea agreement after Lawson disagreed with a statement of the crime. He reappeared in court later the same day and changed his account of the crime. Only then did the court accept the plea agreement. Thus, the circumstances alone made clear to Lawson that the court was not a party to the plea agreement.

■ The plea agreement also stated, "The defendant has consulted with his attorney, Kevin Relphorde, and has been advised of his rights to a public and speedy trial by jury ... Having been advised of his rights defendant agrees to waive them." The trial court also told Lawson that he was waiving his right to a trial scheduled to begin three days later. Strict use of the words "public" and "speedy" is not required to comply with Ind.Code § 35–4.1–1–3. *Garringer v. State* (1983), Ind., 455 N.E.2d 335. Lawson's mere allegation that the trial court failed to make the two advisements and his submission of the transcript demonstrating that such is true, standing alone, are not sufficient to show that his guilty plea was not voluntary or intelligent, particularly when a review of the whole record demonstrates that he was aware of the rights he was waiving. *White v. State* (1986), Ind., 497 N.E.2d 893. The trial court properly found that Lawson failed to meet his burden of proving that this plea was not voluntary and intelligent.

■ Lawson also claims that he should have been discharged because he was not brought to trial within one year pursuant to Rule 4(C), Ind.Rules of Criminal Procedure. The right to have a trial expeditiously cannot exist or be enforced apart from the right to trial and any claim of a denial thereof is waived upon a plea of guilty. Lawson's guilty plea constituted his waiver of his right to trial. *Gosnell v. State* (1982), Ind., 439 N.E.2d 1153.

■ Lawson also waived this issue when he proceeded to plead guilty before

obtaining a ruling on his motion to dismiss for violation of his right to a speedy trial. He had the choice of continuing his challenge of the timeliness of prosecution or disposing of the case on its merits. *Wedmore v. State* (1956), 235 Ind. 148, 131 N.E.2d 465. He chose the latter and therefore cannot reinstitute his speedy trial argument on appeal. In any case, the record supports the post conviction court's conclusion that most of the three-year delay in prosecuting Lawson was attributable to him and that Criminal Rule 4(C) was not violated.

The judgment of the post-conviction court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.