# IN THE COURT OF APPEALS OF IOWA

No. 16-0576
Filed March 8, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ZACKERY TYLER RIGEL,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Chickasaw County, Richard D. Stochl, Judge.


Defendant appeals from sentencing order requiring him to register as a sex offender. **VACATED IN PART AND REMANDED.**


David A. Kuehner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.


Considered by Potterfield, P.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Zackery Rigel challenges the district court's sentencing order requiring him to register as a sex offender for a "sexually motivated" crime pursuant to Iowa Code section 692A.126 (2011). Because we find the court abused its sentencing discretion in determining from the facts admitted in the record that Rigel's crime was sexually motivated, we vacate the portion of the sentence requiring him to register as a sex offender and remand.

***Background Facts and Proceedings.*** On April 23, 2013, Rigel was charged with third-degree sexual abuse, a class "C" felony, in violation of Iowa Code section 709.4, for an incident involving a minor, K.M., on November 19, 2012. The State subsequently amended the charge to assault without intent to inflict serious injury but causing serious injury, a class "D" felony. *See* Iowa Code §§ 708.1, .2(4).

Rigel appeared before the district court on May 19, 2015, to enter a guilty plea to the amended charge. The following exchange took place during the plea hearing:

> THE COURT: As amended this is what the State alleges you did. The State alleges that on or about November 19, 2012, within the confines of Chickasaw County, Iowa, you did commit an assault without the intent to inflict a serious injury, but that you did cause a serious injury. This is what the State would have to be able to establish by evidence beyond a reasonable doubt: (1) that on or about November 19, 2012, you did an act which was intended to cause pain or injury to or which was intended to result in physical contact which would be insulting or offensive to another person coupled with the apparent ability to execute that act. The act was committed against a child, a young person by the initials K.M., (2) that you did not have the intent to inflict a serious injury, but your actions caused a serious injury. A serious injury in this case is defined as being a disabling mental illness. I have had a chance to read the minutes of evidence, to skim over the minutes of evidence,

Mr. Rigel, as to what allegedly occurred between you and this young person. I know that you're disputing the original charge of sexual abuse third, but nonetheless, are you willing to admit that based on the existing minutes of evidence, that a reasonable jury could find you guilty of Assault Without Intent to Inflict a Serious Injury, but which caused a serious injury?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Based on the minutes then, I find that there is a factual basis for the guilty plea.

No other factual basis was set forth.

The sentencing hearing occurred on March 22, 2016. At sentencing, Rigel's counsel and the court disagreed as to what Rigel admitted as part of his plea.

[DEFENSE COUNSEL]: . . . But we do have an objection to the official version listed in the pre-sentence investigation because it contains facts that were not admitted to at the plea change hearing.

THE COURT: My understanding is the defendant entered an *Alford* plea[1]; is that correct? Or did he—

[PROSECUTOR]: Yes.

THE COURT: —enter a plea?

[PROSECUTOR]: No, it was an *Alford* plea, Your Honor.[2]

THE COURT: So what facts would he have admitted to?

[DEFENSE COUNSEL]: Well, I think, when you do an *Alford* plea, the only facts that the court can take note of in the file are ones that support the elements of the charge. Anything over and above the basic elements of the charge he's entering a plea to are not admitted in the *Alford* plea proceeding.

THE COURT: Well, I would want to read the transcript of those proceedings to find out if [the plea-hearing court] asked him whether he could rely upon the minutes of testimony as being true and accurate.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970) (allowing guilty plea despite profession of innocence).

[2] In his brief, Rigel characterizes this exchange thusly: "The State mistakenly indicated the plea was an '*Alford*' plea which was not corrected by defense counsel." The State characterizes the plea as an *Alford* plea. There is no explicit statement in the plea transcript that the plea was an *Alford* plea. What is clear is that Rigel did not admit to a specific factual basis for the plea and the plea court took notice of evidence elsewhere in the record to establish a factual basis, both of which are hallmarks of an *Alford* plea. *See Thompson v. State*, No. 11-1708, 2012 WL 5954191, at *2 (Iowa Ct. App. Nov. 29, 2012) (describing *Alford*-plea procedure).

> [DEFENSE COUNSEL]: I—as I remember it, I think he did ask that question of my—
>
> THE COURT: And how—
>
> [DEFENSE COUNSEL]: —client.
>
> THE COURT: —did your client answer?
>
> [DEFENSE COUNSEL]: I think he did. But I—
>
> THE COURT: Okay. So he admitted that the minutes of testimony are true and accurate for purposes of this plea.
>
> [DEFENSE COUNSEL]: But again, my position is that that can only go for the elements, the finding the elements, not any other factors.
>
> THE COURT: Okay. I note your objection.
>
> [DEFENSE COUNSEL]: Okay.
>
> THE COURT: Only note it.

Relevant to this appeal, the State argued Rigel should be required to register as a sex offender. The court concluded the sentencing hearing by stating:

> As to the issue of the registry, [Rigel] has entered a plea to a nonsexual related offense under chapter 708. Statute—or that chapter is identified as an assault. Pursuant to the provisions of section 692A.126,[3] if a court makes a determination beyond a reasonable doubt that an offense under chapter 708 was a sexually motivated offense, the court shall be required to require the defendant to register under chapter 692A.
>
> I have read the minutes of testimony. The allegations here are that the defendant had sexual relations with a minor who was functioning, I think, according to the school counselor at a nine- or ten-year-old level. When the defendant first was contacted by law enforcement, he denied knowing her, denied any sexual activity with her. That continued over approximately five interviews. Not until DNA evidence was discovered within her clothing proving that he'd had sexual intercourse with this girl did he make an admission that that, in fact, had occurred. That clearly indicates to me that the defendant knew that it was not an appropriate relationship, that his actions were not appropriate when he was approached by law enforcement, and I therefore find that this offense was clearly a

---

3   If a judge or jury makes a determination, beyond a reasonable doubt, that any of the following offenses for which a conviction has been entered . . . are sexually motivated, the person shall be required to register as provided in this chapter . . . (h) Any other indictable offense in violation of chapter 708 if the offense was committed against a minor or otherwise involves a minor.

Iowa Code § 692A.126(1)(h). "Sexually motivated" means "one of the purposes for commission of a crime is the purpose of sexual gratification of the perpetrator of the crime." *Id.* § 229A.2(10).

sexually motivated offense and will as a term of the sentence require him to register.

Rigel was also given a suspended sentence and fine and was placed on probation. Rigel now appeals, claiming it was improper for the court to find his offense was a sexually motivated one.

***Error Preservation.*** The State contends Rigel has not preserved error on his claim because he failed to challenge the minutes of testimony or file a timely motion in arrest of judgment following the plea hearing. Such failures ordinarily bar challenges to the adequacy of a guilty-plea proceeding. *See* Iowa R. Crim. P. 2.24(3)(a); *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). We view the case differently. Rigel is not challenging the plea proceeding; he is challenging his sentence. Specifically, he objects to the court's finding that the crime to which he pled was sexually motivated, thus requiring him to register as a sex offender. Challenges to void, illegal, or procedurally defective sentences are not ordinarily subject to our normal rules of error preservation. *See State v. Thomas*, 520 N.W.2d 311, 313 (Iowa 1994).

***Standard of Review.*** A district court's sentencing decision is reviewed for errors at law. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). "A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). "In order to overcome the presumption the district court properly exercised its discretion, there must be an affirmative

showing the court relied on the improper evidence." *State v. Dake*, 545 N.W.2d 895, 897 (Iowa Ct. App. 1996).

*Discussion.* The district court may not accept a guilty plea without first establishing the plea has a factual basis. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). At the plea stage, courts may take note of the entire record to establish the factual basis for the crime. *See id.*; *see also State v. Iowa Dist. Ct.*, 888 N.W.2d 655, 666 n.2 (Iowa 2016); *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001). A guilty plea "admits all material fact averments of an indictment." *Lockhart v. Smith*, 43 N.W.2d 541, 541 (Iowa 1950). In considering whether a factual basis for a guilty plea exists, the court "must only be satisfied that the facts support the crime, 'not necessarily that the defendant is guilty.'" *Keene*, 630 N.W.2d at 581 (citation omitted). In other words, a factual basis does not necessarily establish proof beyond a reasonable doubt. *See State v. Finney*, 834 N.W.2d 46, 50 (Iowa 2013).

A defendant is not required to agree with the record establishing the factual basis for the crime. *See State v. Hightower*, 587 N.W.2d 611, 614 (Iowa Ct. App. 1998) ("[W]e find that a factual basis was determined by the trial court in asking the prosecutor to recite the facts of the case and by reviewing the minutes of testimony on the record. Moreover, there is no requirement in an *Alford* plea that the defendant must . . . agree with the facts as presented by the prosecutor in either the presentence investigation or minutes of testimony."). A defendant taking an *Alford* plea need not admit participation in the acts constituting the crime. See *State v. Burgess*, 639 N.W.2d 564, 567 n.1 (Iowa 2001) ("An *Alford* plea is different from a guilty plea in that when a defendant enters an *Alford* plea,

he or she does not admit participation in the acts constituting the crime."). Nor does he admit that "another, higher crime was committed." *State v. Young*, 292 N.W.2d 432, 436 (Iowa 1980); *see also United States v. Culbertson*, 670 F.3d 183, 190 (2d Cir. 2012) (holding defendant's "persistent disavowal of responsibility for any amount in excess of three kilograms of cocaine" sufficient to conclude guilty plea to crime requiring quantity exceeding five kilograms lacked factual basis).

"The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998). "Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them." *Id.*

District courts may not rely on "additional, unproven, and unprosecuted charges" in sentencing "unless the facts before the court show defendant committed those offenses or they are admitted by him." *State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981). "If the court uses the commission of a higher crime to inflict severe punishment for the crime actually charged and admitted, that higher crime must be shown . . . by the facts before the court or the defendant's admission." *Young*, 292 N.W.2d at 436; *see also United States v. Flores-Vasquez*, 641 F.3d 667, 671–72 (5th Cir. 2011) (affirming sentence where sentencing court considered defendant's agreement with government's statement of facts); *United States v. Alston*, 611 F.3d 219, 227 (4th Cir. 2010) (vacating sentencing enhancement where sentencing court relied on defendant's

*Alford* plea to predicate crime that explicitly did not admit facts establishing violent nature of crime).

"We will set aside a sentence and remand a case to the district court for resentencing if the sentencing court relied upon charges of an unprosecuted offense that was neither admitted to by the defendant nor otherwise proved." *State v. Black*, 324 N.W.2d 313, 315 (Iowa 1982). "This rule prohibits a sentencing court from imposing 'a severe sentence for a lower crime on the ground that the accused actually committed a higher crime . . . even if the prosecutor originally charged the higher crime and reduced the charge.'" *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998) (citation omitted).

Assault is defined in the Iowa Code as follows:

> A person commits an assault when, without justification, the person does any of the following:
> a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
> c. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

Iowa Code § 708.1(2). There is no suggestion or evidence Rigel had a firearm, which excludes the third definition. In order to plead to an assault under section 708.1(2)(a) or (b), Rigel did not need to admit to the sexual nature of his assault. It is clear from his "dispute" at the plea stage and his objection to the

presence investigation report that he did not intend to admit to certain facts.[4]

We have repeatedly held defendants who plead guilty to lesser offenses than the ones they were initially charged with do not plead to the elements of the greater offenses. *See State v. Alford*, No. 16-0476, 2017 WL 104947, at *2 (Iowa Ct. App. Jan. 11, 2017) (holding district court should not have considered alcohol consumption in sentencing where defendant "never admitted to any alcohol-related offenses and the State did not prove they occurred"); *State v. Hopkins*, No. 14-0380, 2014 WL 7343731, at *2 (Iowa Ct. App. Dec. 24, 2014) (holding district court could not consider facts supporting "unprosecuted greater charge of first-degree burglary rather than the actual charge of attempted burglary in the third degree"); *State v. Wulf*, No. 12-1673, 2013 WL 3272719, at *1–2 (Iowa Ct. App. June 26, 2013) (remanding for resentencing where district court improperly relied on information that "may have borne on an invasion of privacy count that was included in the trial information, but [that] had no bearing on the interception count to which [defendant] pled guilty"); *see also Culbertson*, 670 F.3d at 190; *Alston*, 611 F.3d at 227.

In a similar case, *State v. Mesenbrink*, No. 15-0054, 2015 WL 7075826, at *4 (Iowa Ct. App. Nov. 12, 2015), the defendant entered a guilty plea to second-degree kidnapping but denied subjecting his victim to sexual abuse. He specifically denied having any intent to have sexual contact with her or that he

---

[4] At the sentencing hearing, Rigel's counsel objected to the presentencing report for containing facts not admitted to at the plea hearing. Our record contains a "presentence investigation addendum report" prepared after the plea hearing; we assume this is what counsel refers to. The report references three facts in making its recommendation: "defendant's prior sex offense as a juvenile," "the nature of this offense," and "his profile being similar to other known sex offenders."

actually had sexual contact with her. *Mesenbrink*, 2015 WL 7075826, at *5. He did generally admit the minutes of testimony were "accurate enough" to "know what happened in the matter." *Id.* at *4. "The court . . . stated it was relying on the allegation in the minutes of testimony that Mesenbrink forced [the victim] to take her clothes off in making the determination the crime was sexually motivated," although he denied ordering her to take her clothes off and admitted only that she had taken her clothes off. *Id.* at *5. We vacated the portion of the sentencing order requiring Mesenbrink to register as a sex offender. *Id.* at *6.

> The court did not have to accept Mesenbrink's denial that the offense was not sexually motivated. However, we decline to permit the district court to rely upon the minutes of testimony to establish proof beyond a reasonable doubt, as necessary to satisfy Iowa Code section 692A.126, where the defendant agrees the minutes can be used "to know what happened" yet later denies the portion of the minutes of testimony specifically relied upon by the district court.

*Id.* at *5.

Here, Rigel's silence on the issue of sexual motivation is equivalent to a denial. *See Gonzalez*, 582 N.W.2d at 517. The district court did not attempt to elicit information to support a finding of sexual motivation, and the State did not introduce new evidence to support such a finding. *Cf. State v. Rodriguez*, No. 15-1002, 2016 WL 4051696, at *1 (Iowa Ct. App. July 27, 2016) (affirming finding harassment was sexually motivated where substantial evidence and testimony introduced at sentencing hearing so established). The State's only argument at sentencing on the issue was, "There was [proposed] testimony [in the minutes] that certainly would show [sexual motivation] to be the case." To find that Rigel's crime was sexually motivated, the court necessarily had to rely on unproven

information in the minutes of testimony. That is insufficient to establish proof beyond a reasonable doubt. *See* Iowa Code § 692A.126. We therefore find the district court abused its sentencing discretion.

Because the district court's determination that the offense was sexually motivated was not supported by proof beyond a reasonable doubt, we remand with directions for the district court to enter an order vacating the portion of its sentencing order requiring Rigel to register as a sex offender. In circumstances where it is possible proof beyond a reasonable doubt could possibly be shown, it is proper to remand for further proceedings. *See State v. Royer*, 632 N.W.2d 905, 909 (Iowa 2001). Because it is possible proof beyond a reasonable doubt could be shown, we also remand for further proceedings in which the State might have an opportunity to establish the crime was sexually motivated.

**VACATED IN PART AND REMANDED.**

Potterfield, P.J., concurs; Tabor, J., dissents.

**TABOR, Judge.** (dissenting)

Lamenting the majority's remand for resentencing in a guilty plea case twenty years ago, Justice James Carter wrote: "There should be a limit as to how far a court must go in not accepting as true that which all others know to be true." *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) (Carter, J., dissenting). The same sentiment applies today. The district court properly considered undisputed facts in the minutes of evidence to determine beyond a reasonable doubt that Rigel's assault on sixteen-year-old K.M.[5] was a sexually motivated offense under Iowa Code section 692A.126(1)(h) (2011).[6] In vacating the requirement Rigel register as a sex offender, the majority mistakenly concludes the sentencing court relied on unproven information.

Rigel entered a plea bargain in which the State agreed to amend the charge from third-degree sexual abuse, a class "C" felony, in violation of Iowa Code section 709.4, to assault causing serious injury (disabling mental illness), a class "D" felony, in violation of Iowa Code section 708.2(4). At the May 2015 plea hearing, the district court asked Rigel:

> I know that you're disputing the original charge of sexual abuse third, but nonetheless, are you willing to admit that *based on the existing minutes of evidence*, that a reasonable jury could find you guilty of assault without intent to inflict a serious injury, but which caused a serious injury?

---

[5] The record showed K.M. had learning disabilities and diagnoses of bipolar disorder, depression, and anxiety.

[6] "Sexually motivated" means "one of the purposes for commission of a crime is the purpose of sexual gratification of the perpetrator of the crime." Iowa Code § 229A.2(9); *see also id.* § 692A.101(29); *State v. Iowa Dist. Ct.*, 888 N.W.2d 655, 667 (Iowa 2016).

(Emphasis added.) Rigel responded: "Yes, Your Honor." Such unchallenged matters may be considered by the sentencing court. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998).

In January 2016, the district department of corrections issued a presentence investigation (PSI) addendum report noting Rigel "may be required to register" as a sex offender if a determination is made his assault offense was sexually motivated under section 692A.126. At the March 2016 sentencing hearing, the prosecutor argued the minutes of testimony showed the offense was sexually motivated. Defense counsel acknowledged Rigel had admitted at the plea hearing that the minutes of evidence were "true and accurate." But defense counsel argued at sentencing: "my position is that that can only go for the elements, the finding the elements, not any other factors." Defense counsel did not specify any facts establishing the original sexual assault charge that should have been excluded from the court's consideration of Rigel's guilty plea to assault causing serious injury. Rigel did not deny any particular facts included in the minutes of evidence.

Rigel's lack of denial distinguishes this case from our unpublished decision in *State v. Mesenbrink*, No. 15-0054, 2015 WL 7075826, at *5 (Iowa Ct. App. Nov. 12, 2015), where we concluded the record was inadequate to find sexual motivation for purposes of chapter 692A when the defendant denied at the plea hearing that he forced the kidnapping victim to disrobe. Here, the same conduct outlined in the minutes that supported the elements of third-degree sexual abuse (Rigel's nonconsensual penetration of K.M.'s vagina with his penis) also supported the elements of assault causing serious injury. The felonious

assault was not a lesser-included offense of the original sexual-abuse charge because the new charge required proof of serious injury. *See State v. Ondayog*, 722 N.W.2d 778, 783 (Iowa 2006) (describing test for determining lesser included offenses). The serious-injury element was met by evidence in the minutes that K.M. suffered a disabling mental illness as a result of the insulting and offense contact with Rigel, which includes the sexual contact—as shown by her interview with the Child Protection Center. Rigel's act of vaginal penetration was not an unproven or unprosecuted offense; it was the uncontested factual basis for his guilty plea to the felonious assault.

The fact Rigel did not admit committing sexual abuse or acknowledge a sexual motivation for the assault in the guilty plea hearing did not prohibit the district court from considering uncontested facts in the minutes of evidence to determine beyond a reasonable doubt Rigel's assault was sexually motivated under section 692A.126(1)(h). The minutes provided sufficient evidence from which the judge could infer Rigel had the requisite sexual motivation. *Cf. State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) ("[T]he minutes of testimony provide sufficient evidence from which a jury could infer that Finney had the requisite intent . . . to support a charge of attempted murder.").

In listing twenty-two categories of offenses in Iowa Code section 692A.126(1) that could be found by a judge or jury to be sexually motivated, the legislature intended to expand the reach of the sex-offender registry beyond sexual-abuse offenses defined in Iowa Code chapter 709. *See, e.g., State v. Rodriguez*, No. 15-1002, 2016 WL 4051696, at *1 (Iowa Ct. App. July 27, 2016) (upholding sentencing court's finding that harassment was sexually motivated).

The State's agreement to amend the charge from a class "C" felony in chapter 709 to a class "D" felony in chapter 708 did not immunize Rigel from a requirement to register as a sex offender if the judge found beyond a reasonable doubt that one of his purposes for assaulting K.M. was sexual gratification. The majority appears to suggest that when a conviction results from a guilty plea, the State is required to introduce new evidence at the sentencing hearing to support a determination of sexual gratification. I do not read the sexual-abuse-registry statute to impose such a burden.

The district court considered uncontested facts in the minutes of evidence to reach the reasonable inference that Rigel's assault against K.M. was sexually motivated. I think we can accept as true those circumstances Rigel admits to be true. I respectfully dissent from the majority's decision to vacate the sex-offender-registration requirement.